Morse *v.* Auburn and Syracuse Railroad Company.

———◆———

SAME TERM.　　*Before the same Justices.*

MORSE *vs.* THE AUBURN AND SYRACUSE RAILROAD Co.

A passenger in the cars of a railroad company was severely injured, in consequence of a collision between the car and some engines which ran into the .train while standing on the track, occasioned by the negligence of the agents or servants of the company. On the trial of an action brought by the passenger against the railroad company to obtain compensation for the injuries he had suffered on that occasion, the judge charged the jury, that in estimating the plaintiff's damages, they had a right to take into the account the bodily pain and suffering he had endured, in addition to the loss of time and the pecuniary expense, and compensate him therefor. To this the defendants' counsel excepted; and they requested the judge to charge, that to justify the jury in giving exemplary damages, they must find that the defendants had acted wantonly or maliciously; or had been guilty of negligence to such a degree as to be equivalent to malice. The judge refused to modify his charge, and the defendants' counsel excepted.

*Held*, 1. That the charge was not contrary to law; that the rule, in cases of the kind, has been generally understood, and uniformly administered by the courts, as laid down by the judge.

2. That the judge was correct in refusing to modify his charge; that the point ᐧ upon which he was so requested to charge, as an abstract proposition, perhaps, was not essentially incorrect; but, as applied to the question submitted to the jury, it was erroneous.

In all cases where one person has received personal injury and mutilation by the careless or negligent act of another, the bodily pain and suffering is part and parcel of the actual injury, for which the injured party is as much entitled to compensation in damages, as for loss of time or the outlay of money.

Damages for bodily pain and suffering arising from physical injury, and con-

nected with actual loss of time and money, are not exemplary, or punitory in their character, in any strict or proper sense of those terms.

*It seems,* that the physical pain and suffering ought to be taken into the account in estimating the damages in every action to recover for a personal injury occasioned by negligence, irrespective of any question of motive whatever.

*It seems,* that it may well be questioned, whether in the nature of things, but more especially by the rules of the common law, mere negligence, however gross, can ever be equivalent to malice.

THIS was an action on the case for negligence, tried at the Cayuga circuit in February, 1850, before Welles, justice. The plaintiff was a passenger on the defendants' cars, going from Syracuse westward, on the 19th of September, 1848. Shortly after the passenger train left Syracuse on that day, an agent of the Michigan Central Railroad Company started two locomotive engines, to run over the road behind the passenger train, on their way west to Michigan. An agent of the defendants went upon the engines over the road, and they were frequently in sight of the passenger train; and near it all the way. When within about five miles of Auburn the cross heads on the engine drawing the passenger train began to heat, and it became necessary to stop for a few moments and take measures to cool the heated parts, in order to proceed with safety to the passenger train. This was upon a curve, and no person was sent back, or flag raised, to give notice to the persons in charge of the engines following. The passenger train did not stand still to exceed two or three minutes. Just as the passenger train was getting under way, the two locomotives came in sight at a distance from 80 to 100 rods, running at the rate of 20 to 25 miles per hour. The engineer on the two locomotives attempted to reverse the engine, but the hooks which had worked well before, did not drop in, or catch on the pin, so that the reverse motion was not produced. The brakes were then applied, and the motion somewhat retarded, when they ran into the hindmost passenger car, which was full of passengers, and ran about half way through its entire length, crushing it to atoms, and the steam escaping amongst the passengers. The plaintiff had his right hand and wrist injured, and his face and hands badly scalded. The judge charged the jury, that in estimating the plaintiff's damages, they

had a right to take into the account the bodily pain and suffering he had endured, in addition to the loss of time and the pecuniary expense, and compensate him therefor. To which the defendant's counsel excepted. The defendants' counsel then requested the judge to charge that to justify the jury in giving exemplary damages they must find that the defendants had acted wantonly or maliciously; or had been guilty of negligence, to such a degree, as to be equivalent to malice. The judge refused to modify his charge, and the defendants excepted. The jury found a verdict for the plaintiff of $2000 damages.

*A. Worden,* for the plaintiff.

*P. G. Clark,* for the defendants.

*By the Court,* JOHNSON, J. The defendants excepted to that part of the charge to the jury, in which they were instructed, that in cases of this kind it was competent for them to go beyond the actual pecuniary damages sustained, and take into consideration, not only the loss of time and pecuniary expenses, but the bodily pain and suffering also, which the plaintiff had undergone, and compensate him in damages therefor. I confess I am yet to learn that this is contrary to law. I am confident the rule has been generally understood, and uniformly administered by our courts, as laid down by the learned justice to the jury, in all cases of this kind, where one person has received personal injury and mutilation, by the careless or negligent act of another. The bodily pain and suffering is part and parcel of the actual injury, for which the injured party is as much entitled to compensation in damages, as for loss of time or the outlay of money. It is true the footing for a precise and accurate estimate of damages may not be quite as sure and fixed in regard to it, as where a loss has been sustained in time or money; and yet the actual damage is no less substantial and real.

The loss of time occasioned by a personal injury might be of very slight consequence, in a mere pecuniary point of view, to

a person of fortune and leisure, whose time was employed in spending instead of earning money. Nay more, it might be an actual advantage so far as mere dollars and cents are concerned. And yet would any one say that the law affords such a person no redress in damages, for such injuries, because he had lost nothing which could be estimated to him at any actual cash value? I apprehend not. I am not aware that this point has ever been distinctly adjudged, and probably it is because no one ever before raised the question, or started a doubt as to its forming a proper subject for compensation in damages in actions for negligence. It is an element which writers upon the subject of damages seem to have overlooked. If there is any doubt on this subject, it is time the rule was distinctly settled and fully understood. If persons or corporations engaged in the business of the defendants, intrusted daily with the lives and personal safety of hundreds of individuals, and using such an untamable power, may negligently cause serious injuries to the person, and occasion intolerable bodily pain and suffering, and only be chargeable with the loss of time, at what it may be proved to be worth, and the surgeon's and nurse's bill, it is quite time it should be understood, that persons trusting themselves to such protection may provide for more ample indemnity by special contract. Such a rule would, in my judgment, be a serious general evil and be productive of the most deplorable consequences.

The more salutary, and as I think, the true rule, was that laid down by the judge in his charge. It was sufficiently guarded to prevent its abuse by the jury. The judge expressly instructed them that this power of giving exemplary damages should be exercised with great caution, and with reference to the degree of negligence proved. The defendants' counsel insists that all damages recovered beyond the actual loss of time and pecuniary expense, are strictly exemplary damages, and that to authorize a plaintiff to recover damages of that character, he must show the injury to have been willful and malicious on the part of the defendants. But I think that damages for bodily pain and suffering arising from physical injury, and connected

Morse *v.* Auburn and Syracuse Railroad Company.

with actual loss of time and money, are not exemplary, or punitory in their character, in any strict or proper sense of those terms. /Exemplary or punitory damages, or smart money, as they are often called, are given by way of punishment, for intentional wrong, and to operate as an example to others. The law, in such cases, looks beyond the act and its injurious consequences, to the motive, and metes out its punishment to that also. In such cases the compensation for the actual pecuniary damage is rather subsidiary and incidental. There, the mental suffering, the injured feelings, the sense of injustice, of wrong, or insult on the part of the sufferer, enter largely into the account, and the measure of justice is graduated by that of the offender's turpitude. Here the damages are strictly compensatory for the actual injury, of which the bodily pain and suffering were an essential part. Nothing was authorized to be allowed by way of punishment or example, in reference to motives, or by way of compensation for the trouble of seeking redress.

It is true, the judge spoke of the damages, so far as they might be enhanced by taking the pain and suffering of the plaintiff into the account, as exemplary in their character; but I do not think they ought to be regarded in that light; and that they belong to a different class. It seems to me the physical pain and suffering ought to be taken into the account, in estimating the damages in every action to recover for a personal injury occasioned by negligence, irrespective of any question of motive whatever.

The defendants' counsel requested the judge to charge the jury, that to justify a verdict for exemplary damages, they must find the defendants had acted wantonly or maliciously, or had been guilty of negligence to such a degree as to be equivalent to malice. But the judge refused to modify his charge. In this, I think, he was correct. As an abstract proposition, perhaps, it was not essentially incorrect; but, as applied to the question submitted to the jury, it was erroneous. If the proposition is true, as applied to this and all similar cases, bodily suffering, however great, can never be taken into the account

in estimating damages, even where the injury is occasioned by willful and malicious conduct. The defendants, being a corporation, necessarily carry on their business through agents, and the principal is never liable for the malicious and wanton acts of the servant or agent. ( *Wright* v. *Wilcox*, 19 *Wend.* 343.) Besides, I think it may well be questioned whether, in the nature of things, but more especially by the rules of the common law, mere negligence, however gross, can ever be equivalent to malice. (*Story on Agency*, §220.) The error I think in the request, consists in the assumption that the jury had been instructed that they had a right to find damages strictly exemplary in their character. We can see precisely what they were instructed to take into the account, and I am of opinion no error was committed in the charge, or in the refusal.

These are all the points insisted upon in the argument, and a new trial must be refused.

---

ONEIDA GENERAL TERM, January, 1851.    *Gridley, Allen, and Hubbard.* Justices.