The law guaranties to every person the right of personal security, which includes the uninterrupted enjoyment of his life and limbs, of his health and reputation; and he who, by a wilful or by a culpably negligent act, deprives him of these blessings, or interferes with the full enjoyment of them, subjects himself, in addition to such public punishment as the law has provided, to the liability of making compensation in damages to the aggrieved party. While admitting these general principles, the defendant's counsel maintains that where the wrongful act affects only the health of the party injured, and is of such a nature as *Page 417 
not to deprive him of his usual power of physical exertion, or to oblige him to expend money in attempting his cure, the law affords no private redress, though he be deprived of all the comforts and enjoyments of existence, and his life be made a source of constant pain and anguish; and that where all the usual consequences of such an act concur, the recompense which the law affords is strictly limited to pecuniary loss; the law taking no notice, as it is argued, of human suffering, physical or mental, on account of the difficulty of accurately measuring its degree, or estimating the equivalent in money. No authorities are referred to to sustain this position, except those which establish the admitted doctrine that all redress in actions for such injuries, is pecuniary in its kind. On the other hand, the counsel for the plaintiff shows, by a reference to numerous authorities, that it has always been understood by the courts and by the profession, that the personal sufferings of the injured party, constitute a legitimate element in assessing damages for this class of wrongs. In the first place, the established precedents in actions on personal injuries, invariably state that the party "suffered and underwent great pain." (2 Chit. Pl.,
648, 710, 711, 851.) The systematic writers, so far as they have noticed the question, state that personal suffering is an element from which to estimate the damages. (2 Greenl., § 267.) InTheobald v. The Railway Passenger Assurance Company (26 Eng.L. Eq. R., 432), the defendant, as an insurer, undertook to pay the plaintiff a reasonable compensation for any personal injury which he should sustain, by reason of any railway accident, when traveling in a railway carriage. The plaintiff was injured by an accident, within the policy, and this question, as to the rule of damages, came before the Court of Exchequer, on a motion to set aside the verdict; and it was held that expense, and pain and loss, were the proper, and the only proper subjects to be considered in assessing the damages. Blake v. TheMidland Railway Company (10 Eng. L. Eq. R., 437; S.C., 18 *Page 418 Adolph. Ellis N.S., 93), was an action for the death of a person by a railway accident, brought by his widow as his administratrix, under a statute somewhat similar in its provision to our statute on the same subject. The judge instructed the jury that the plaintiff had experienced a great deal of anxiety, and it was for the jury to consider whether they would confine themselves to the pecuniary loss. The jury gave the plaintiff £ 4000. On a rule to show cause why there should not be a new trial for misdirection, the Court of Queen's Bench held that by the true construction of this act, damages could not be given for injuries for which a pecuniary estimate could not be made. But they said, in delivering their judgment, by COLERIDGE, J., that "when an action is brought by an individual for a personal wrong the jury, in assessing the damages, can, with little difficulty award him a solatium for his mental sufferings, along with an indemnity for his pecuniary loss." The main argument of the opinion consists in distinguishing the case from a common law action for a personal injury to the plaintiff, it being taken for granted that in the latter class of actions the rule was as laid down at the trial. In Seger v. The Town of Barkhamsted (22Conn., 290, 298), the action was for an injury which the plaintiff had sustained in crossing a defective bridge. He and his horse and wagon were thrown upon the rocks and into the stream below. The town is made responsible for such injuries by statute. The court instructed the jury that they had a right to consider all the circumstances of danger and peril attending the accident. The jury having found a verdict for the plaintiff, a motion for a new trial was made, one ground of which was that the jury had been misdirected as to the damages. The motion was denied, STORRS, J., in delivering the opinion of the court, saying, that the plaintiff was entitled to be compensated for his actual personal injury "Such injury," he said, "is not confined to his wounds and bruises upon his body, but extends to his mental suffering." *Page 419 
He added, that "to say that it does not enter into the character and extent of the actual injury, and form a part of it, would be an affront to common sense." In Canning v. Inhabitants ofWilliamstown (1 Cush., 451), the action and the question were the same as in the last case, and the same judgment was given. It was held that the plaintiff's mental suffering from reasonable apprehension was a part of the injury for which he was entitled to damages. In Linsley v. Bushnell (15 Conn., 225), which was an action on the case for negligence in leaving an obstruction in the highway, by means of which the plaintiff was thrown out of his carriage and injured, the question on a motion for a new trial was, whether the plaintiff could recover for his expenses in prosecuting the action, in addition to the taxable costs. The present question was not involved, but the court, in laying down the rule of damages in such cases, stated that it included a compensation for bodily pain and mental anguish.
In this state, I believe I may say that, until recently, no doubt was ever supposed to exist but that the rule was as insisted upon by the plaintiff. The general prevalence of that opinion is, no doubt, the reason why no early adjudged cases upon the question can be found. It has always been assumed that personal suffering caused by the wrongful act of another was to be compensated in damages, in an action by the person injured, though the rule is different in actions for injuries to the relative rights of the plaintiff. Cowden v. Wright (24Wend., 429), was trespass by a father for assaulting and beating his son, per quod servitium amisit. The judge charged that the jury might take into consideration the feelings of the parents occasioned by the infliction of the injury upon their son. This was held to be wrong, and the judgment was reversed; but Chief Justice NELSON, in giving judgment, said: "The child may also maintain an action in which the measure of redress depends upon the sound discretion of the jury, because his personal injury and suffering *Page 420 
then constitute the gravamen of the suit." More recently, however, since the courts have been much occupied in litigations between railroad companies, and passengers claiming to have been injured by negligence, the question has been frequently raised, and has, so far as I know, always been determined in accordance with the views which I entertain. (Morse v. The Auburn Syr.R.R. Co., 10 Barb., 621; Curtis v. The Rochester Syr.R.R. Co., 20 id., 282.) I am quite aware that several of the opinions to which I have referred are only obiter dicta, the rule which is the subject of the present dispute being mentioned for purposes of illustration, and in order to distinguish cases to which it applies from those not falling within the principle. This, however, must always be the case in regard to legal doctrines universally acquiesced in. We may safely conclude that this is so in respect to the present question, when the great ability and industry of the counsel for the railroad company have not enabled him to refer to a case or dictum favoring his views. The argument that pain and suffering, bodily or mental, can have no equivalent in money proves too much. If we were to admit it, we must modify a large class of legal remedies. Slander, for words actionable per se; actions for seduction; suits for assaults, where no wounds are given, would be recompensed by nominal damages, at an expense to the plaintiff of all the costs of the litigation. It is obvious enough that no certain estimate can be made of the pecuniary equivalent for pain and anguish; but this affords no reason for holding that they may be inflicted with impunity. The law has wisely left the measure of redress to the sound discretion of a jury, guarding that discretion by means of the jurisdiction vested in the courts to set aside passionate and extravagant verdicts.
Upon the whole, I am convinced that the charge of the judge was in accordance with the law of the land, and consequently that the judgment ought not to be disturbed. *Page 421