In actions of tort, or for injuries either to the person or property, damages are awarded as a compensation or satisfaction for the injury sustained; and in most of these actions the compensation or satisfaction is given in money, for the reason that the law has provided no other means of redress. In some cases a full and complete compensation and satisfaction is thus obtained, as in an action for the conversion of a chattel bearing a market value; the value of the chattel, with the value of its use until satisfaction is obtained, and the costs and expenses of the litigation, will afford a perfect indemnity to the party deprived of his property. So, too, in an action for an injury to such a chattel, pecuniary damages will afford full compensation to the owner, and the amount which he ought to receive can be ascertained with a good degree of certainty.
But in most if not all actions for injuries to the person or to character, pecuniary damages will not afford a complete, or at least a specific compensation, for the reason that, by the use of money, the party injured cannot be restored to the condition, situation or standing he was in prior to the commission of the wrongful act producing the injury. It is true that where a party, by an injury to his person, is so disabled as to be incapable of pursuing his ordinary avocations, and to require medical attendance and nursing, pecuniary damages may compensate him for his loss of time and for the expenses incurred; but it cannot be contended for a moment that indemnity for the loss of time and expenses incurred will constitute a satisfaction for the whole injury, nor can any authority be found holding that the law will furnish no redress beyond such indemnity. Bodily pain and suffering, more or less acute and intense, and more or less protracted, invariably result from and are directly and immediately caused by an injury to the person, and in many cases they are by far the least desirable consequences of the injury; and if the law affords no redress therefor, it falls short of giving compensation for injuries to a greater extent *Page 422 
than I had supposed. That pain or suffering is a real and substantive injury cannot be disputed. It is true, as claimed by the defendant's counsel, that it is impossible to communicate its extent or intensity to a court or jury to any degree of certainty or accuracy; and if that could be definitely and precisely ascertained, the compensation or satisfaction therefor cannot, in the very nature of things, be measured by dollars and cents. But the same difficulty in measuring the damages occurs in many other cases. In an action for carelessly destroying an ornamental tree, the growth of years, and standing contiguous to a dwelling, compensation to the owner cannot be measured by pecuniary damages, as the tree cannot be said to have any pecuniary value; and yet, pecuniary damages are awarded to him as a compensation for the injury. So, too, in an action for creating or continuing a nuisance contiguous to the plaintiff's dwelling, but not on his premises, where the only damages resulting are odors disagreeable and offensive, but not injurious to health, pecuniary damages will be awarded, although it cannot for a moment be contended that dollars and cents constitute any measure of the damages.
The same is the case in actions for libel, verbal slander, seduction and crim. con.
In actions of the above description, where the wrongful act producing the injury is prompted by malice, it has been often held that the jury may, in awarding damages, go beyond a compensation for the injury resulting, by adding thereto an amount as a punishment to the offender and an example to others; but the amount which should thus be added must always be equally as arbitrary and as incapable of being measured by dollars and cents as the amount to be given to the injured party for the pain and suffering, endured by him, resulting directly from the wrongful act; and the same rule by which it is sought to exclude the one would also exclude the other *Page 423 
In all actions of this description, the amount of damages to be awarded as a compensation must always be submitted to the good sense of the jury, under proper instructions depending upon the circumstances of each particular case.
The argument of the defendant's counsel would result in this, that no damages, as compensation or satisfaction, can be awarded, except for the pecuniary loss resulting from a wrongful act, that is, for such loss as money or the use of money can restore, or such loss as can be computed or measured by dollars and cents. If such be the rule, our law affords but a very inadequate remedy for injuries sustained; and, if I am not very much mistaken, the practice of the courts, both of this country and England, has been in direct opposition to the rule.
The case of Lincoln v. Saratoga and Schenectady RailroadCompany (23 Wend., 425), was an action for an injury to the plaintiff's person, occasioned by a collision of trains on the defendant's railroad, and the judge before whom the cause was tried, charged the jury on the question of damages, among other things, that the sufferings of the plaintiff from the pain endured by him should be taken into consideration, and this part of the charge, with other parts, was excepted to; and yet, on a motion for a new trial, the correctness of this part of the charge was not questioned by either court or counsel.
Caldwell v. Murphy (1 Duer Sup. C.R., 233), was an action for an injury caused by the overturning of a stage, through carelessness of the driver, and on the trial in the Superior Court of the city of New-York, the jury were instructed to take into consideration in making up their verdict, the plaintiff's personal sufferings, which instructions were excepted to, and the cause was carried by appeal to the general term of the Superior Court, and thence to this court, without any notice being taken of the exception in either court. The correctness, however, of no part of the *Page 424 
charge was considered in this court, for the reason that the exceptions thereto were too general.
Canning v. Inhabitants of Williamstown (1 Cush. Mass. R.,
451) was an action for injuries to the plaintiff's person, received in crossing a defective bridge, brought under a statute of Massachusetts, providing that if a person should "receive an injury in his person" by reason of any defect or want of repair in a highway, he might recover, of the party obliged by law to repair the road, the damages sustained by such injury; and it was held that if through the defect in the bridge the plaintiff received an injury to his person sufficient to constitute the ground of an action, and mental suffering resulted, such suffering was a part of the injury for which he was entitled to damages. (Seger v. Town of Barkhamsted, 22 Conn., 290;Morse v. Auburn and Syracuse Railroad Co., 10 Barb., 621.)
It is true, as claimed by the defendant's counsel, that under the charge in this case the jury were authorized to give damages for pain and suffering the plaintiff might endure subsequent to the trial, but the charge was not objected to on that ground. The exception was "to that part of the charge of the judge, in which he stated that the jury might award damages to the plaintiff for his bodily pain and suffering resulting from the injuries received," and the only question presented thereby is, whether any damages can be awarded as a compensation for bodily pain and suffering, without reference to the time when endured.
I think there was no error in the part of the charge excepted to, and the judgment should be affirmed.
BROWN, J., did not hear the argument; all the other judges concurring,
Judgment affirmed. *Page 425