Denio, C. J.
The law guaranties to every person the right of personal security, which includes the uninterrupted enjoyment of his life and limbs, of his health and reputation ; and he who, by a wilful or by a culpably negligent act, deprives him of these blessings, of interferes -with the full enjoyment of them, subjects himself, in addition to such public punishment as the law has provided, to the liability of making compensation ’ in damages to the aggrieved party. While admitting these general principles, the defendant’s counsel maintains that where the wrongful act affects' only the health off the party injured, and is of such a nature as *417 not to deprive him of his usual power of physical exertion, or to oblige him to expend money in attempting his cure, the law affords no private redress, though he be deprived of all the comforts and enjoyments of existence, and his life be made a source of constant pain and anguish; and that where all the usual consequences of such an act concur, the recompense which the law affords is strictly limited to pecuniary loss; the law taking no notice, as it is argued, of human suffering, physical or mental, on account of the difficulty of accurately measuring its degree, or estimating the equivalent in money. No authorities are referred to to sustain this position, except those which establish the admitted doctrine that all redress in actions for such injuries, is pecuniary in its kind. On the other hand, the counsel for the plaintiff shows, by a reference to numerous authorities, that it has always been understood by the courts and by the profession, that the personal sufferings of the injured party, constitute a legitimate element in assessing damages for this class of wrongs. In the first place, the established precedents in actions on personal injuries, invariably state that the party “ suffered and underwent great pain.” (2 Chit. Pl, 648, 710, 711, 851.) The systematic writers, so far as they have noticed the question, state that personal suffering is an element from which to estimate the damages. (2 Greenl.,§ 267.) In Theobald v. The Railway Passenger Assurance Company (26 Eng. L. & Eq. R., 432), the defendant, as an insurer, undertook to pay the plaintiff a reasonable compensation for any personal injury which he should sustain, by reason of any railway accident, when traveling in a railway carriage. The plaintiff was injured by an accident, within the policy, and this question, as to the rule of damages, came before the Court of Exchequer, on a motion to set aside the verdict; and it was held that expense, and pain and loss, were the proper, and the only proper subjects to be considered in assessing, the damages. Blake v. The Midland Railway Company (10 Eng. L. & Eq. R., 437; S. C., 18 *418 Adolph. & Ellis N. S., 93), was an action for the death, of a person by a railway accident, brought by his widow as his administratrix, under a statute somewhat similar in its provision to our statute on the same subject. The judge instructed the jury that the plaintiff had experienced a great deal of anxiety, and it was for the jury to consider whether they would confine themselves to the pecuniary loss. The jury gave the plaintiff £4000. On a rule to show cause why. there should not be a new trial for misdirection, the Court of Queen’s Bench held that by the true construction of this act, damages could not be given for injuries for which a pecuniary estimate could not be made. But they said, in delivering their judgment, by Coleridge, J., that “ when an action is brought by an individual for a personal wrong the jury, in assessing the damages, can, with little difficulty award him a solatium for his mental sufferings, along with an indemnity for his pecuniary loss.” The main argument of the opinion consists in distinguishing the case from a common law action for a personal injury to the plaintiff, it being taken lor granted that in the latter class of actions the rule was as laid down at the trial. In Seger v. The Town of Barlchamsted (22 Conn., 290, 298), the action was for an injury which the plaintiff had sustained in crossing a defective bridge. 'He and his horse and wagon were thrown upon the rocks and into the stream below. The town is made responsible for such injuries by statute. The court instructed the jury that they had a right to consider all the circumstances of danger and peril attending the accident. The jury having found a verdict for the plaintiff, a motion for a new trial was made, one ground of which was that the jury had been misdirected as to the damages. The motion was denied, Stores, J., in delivering the opinion of the court, saying, that the plaintiff was entitled to be compensated for his actual personal injury “ Such injury,” he said, “ is not confined to his wounds and bruises upon his body, but extends to his mental suffering.”
*419 He added, that “to say that it does not enter into the character and extent of the actual injury, and form a part of it, would be an affront to common sense.” In Canning V. Inhabitants of Williamstovm (1 Cush., 451), the action and the question were the same as in the last case, and the same judgment was given. It was held that the plaintiff’s mental suffering from reasonable apprehension was a part of the injury for which he was entitled to damages. In Linsley v. Bushnell (15 Conn., 225), which was an action on the case for negligence in leaving an obstruction in the highway, by means of which the plaintiff was thrown out of his carriage and injured, the question on a motion for a new trial was, whether the plaintiff could recover for his expenses in prosecuting the action, in addition to the taxable costs. The present question was not involved, but the court, in laying down the rule of damages in such cases, stated that it included a compensation for bodily pain and mental anguish.
In this state, I believe I may say that, until recently, no doubt was ever supposed to exist but that the rule was as insisted upon by the plaintiff. The general prevalence of that opinion is, no doubt, the reason why no early adjudged cases upon the question can be found. It has always been assumed that personal suffering caused by the wrongful act of another was to be compensated in damages, in an action by the person injured, though the rule is different in actions for injuries to the relative rights of the plaintiff. Cowden v. Wright (24 Wend., 429), was trespass by a father for assaulting and beating his son, per quod servitium amisit. The judge charged that the jury might take into consideration the feelings of the parents occasioned by the infliction of the injury upon their son. This was held to be wrong, and the judgment was reversed; but Chief Justice Nelson, in giving judgment, said: “ The child may also maintain an action in which the measure of redress depends upon the sound discretion of the jury, because his personal injury and suffering *420 then constitute the gravamen of the suit.” More recently, however, since the courts have been much occupied in litigations between railroad companies, and passengers claiming to have been injured by negligence, the question has been frequently raised, and has, so far as I know, always been determined in accordance with the views which I entertain. (Morse v. The Auburn & Syr. R. R. Co., 10 Barb., 621; Curtis v. The Rochester & Syr. R. R. Co., 20 id., 282.) I am quite aware that several of the opinions to which I have referred are only obiter dicta, the rale which is. the subject of the present dispute being mentioned for purposes of illustration, and in order to distinguish cases to which it applies from those not falling within the principle. This, however, must always be the case in regard to legal doctrines universally acquiesced in. We may safely conclude that this is so in respect to the- present question, when the great ability and industry of the counsel for the railroad company have not enabled him to refer to a case or dictum favoring his views. The argument that pain and suffering, bodily or mental, can have no equivalent in money proves too much. If we were to admit it, we must modify a large class of legal remedies. Slander, for words actionable per se; actions for seduction; suits for assaults, where no wounds are given, would be recompensed by nominal damages, at an expense to the plaintiff of all the costs of the litigation. It is. obvious enough that no certain estimate can be made of the pecuniary equivalent for pain and anguish; but this affords no reason for holding that they may be inflicted with impunity. The law has wisely left the measure of redress to the. sound discretion of a jury, guarding that discretion by means, of the jurisdiction vested in the courts to set aside passionate and -extravagant verdicts.
Upon the whole, I am convinced that, the charge of the judge was in accordance with the law of the land, and consequently that the judgment ought not. to be disturbed.
*421 Bowen, J.
In actions of tort, or for injuries either to the person or property, damages are awarded as a compensation or satisfaction for the injury sustained; and in most of these actions the compensation or satisfaction is given in money, for the reason that the law has provided no other means of redress. In some cases a full and complete compensation and satisfaction is thus obtained, as in an action for the conversion of a chattel bearing a market value; the • value of the chattel, with the value of its use until satisfaction is obtained, and the costs and expenses of the litigation, will afford a perfect indemnity to the party deprived of his property. So, too, in an action for an injury to such a chattel, pecuniary damages will afford full compensation to the owner, and the amount which he ought to receive can be ascertained with a good degree of certainty.
But in most if not all actions for injuries to the person or to character, pecuniary damages will not afford a complete, or at least a specific compensation, for the reason that, by the use of money, the party injured cannot be restored to the condition, situation or standing he was in prior to the commission of the wrongful act producing the injuiy. It is true that where a party, by an injury to his person, is so disabled as to be incapable of pursuing his ordinary avocations, and to require medical attendance and nursing, pecuniary damages may compensate him for his loss of time and for the expenses incurred j but it cannot be contended for. a moment that indemnity for the loss of time and expenses incurred will constitute a satisfaction for the whole injury, nor can any authority be found holding that the law will furnish no redress beyond such indemnity. - Bodily pain and suffering, more or less acute and intense, and more or less protracted, invariably result from and are directly and im mediately caused by an injury to the person, and in many cases they are by far the least desirable consequences of the injury; and if the law affords no redress therefor, it falls short of giving compensation for injuries to a greater extent *422 than I had supposed. That pain or suffering is a real and substantive injury cannot be disputed. It is true, as claimed by the defendant’s counsel, that it is impossible to communicate its extent or intensity to a court or jury to any degree of certainty or accuracy; and if that could be definitely and precisely ascertained, the compensation or satisfaction therefor cannot, in the very nature of things, be measured by dollars and cents. But the same difficulty in measuring the damages occurs in many other cases. In an action for carelessly destroying an ornamental tree, the growth of yearn, and standing contiguous to a dwelling, compensation to the owner cannot be measured by pecuniary damages, as the tree cannot be said to have any pecuniary value; and yet, pecuniary damages are awarded to him as a compensation for the injury. So, too, in an action for creating or com tinuing a nuisance contiguous to the plaintiff’s dwelling, but not on his premises, where the only damages resulting are odors disagreeable and offensive, but not injurious to health, pecuniary damages will be awarded, although it cannot for a moment be contended that dollars and cents constitute any measure of the damages.
The same is the case in actions for libel, verbal slander, seduction and crim. con.
In actions of the above description, where the wrongful act producing the injury is prompted by malice, it has been often held that the jury may, in awarding damages, go beyond a compensation for the injury resulting, by adding thereto an amount as a punishment to the offender and an example to others; but the amount which should thus be added must always be equally as arbitrary and as incapable of being measured by dollars and cents as the amount to be given to the injured party for the pain and suffering, endured by him, resulting directly from the wrongful act; and the same rule by which it is sought to exclude the one would also exclude the other
*423 In all actions of this description, the amount of damages to be awarded as a compensation must always be submitted to the good sense of the jury, under proper instructions depending upon the circumstances of each particular case.
The argument of the defendant’s counsel would result in this, that no damages, as compensation or satisfaction, can be awarded, except for the pecuniary loss resulting from a wrongful act, that is, for such loss as money or the use of money can restore, or such loss as can be computed or measured by dollars and cents. If such be the rule, our law affords but a very inadequate remedy for injuries sustained ; and, if I am not very much mistaken, the practice of the courts, both of this country and England, has been in direct opposition to the rule.
The case of Lincoln v. Saratoga and Schenectady Railroad Company (23 Wend., 425), was an action for an injury to the plaintiff’s person, occasioned by a collision of trains on the defendant’s railroad, and the judge before whom the cause was tried, charged the jury on the question of damages, among other things, that the sufferings of the plaintiff from the pain endured by him should be taken into consideration, and this part of the charge, with other parts, was excepted to ; and yet, on a motion for a new trial, the correctness of this part of the charge was not questioned by either court or counsel.
Caldwell v. Murphy (1 Duer Sup. C. R., 233), was an action for an injury caused by the overturning of a stage, through carelessness of the driver, and on the trial in the Superior Court of the city of New-York, the jury were instructed to take into consideration in making up their verdict, the plaintiff’s personal sufferings, which instructions were excepted to, and the cause was carried by appeal to the general term of the Superior Court, and thence to this court, without any notice being taken of the exception in either court. The correctness, however, of no part of the *424 charge was considered in this court, for the reason that the exceptions thereto were too general.
Canning v. Inhabitants of Williamstown (1 Cush. Mass. R., 451) was an action for injuries to the plaintiff’s person, received in crossing a defective bridge, brought under a statute of Massachusetts, providing that if a person should “ receive an injury in his person” by reason of any defect or want of repair in a highway, he might recover, of the party obliged by law to repair the road, the damages sustained by such injury; and it was held that if through the defect in the bridge the plaintiff received an injury to his person sufficient to constitute the ground of an action, and mental suffering resulted, such suffering was a part of the injury for which he was entitled to damages. (Seger v. Town, of Barkhamsted, 22 Conn., 290; Morse v. Auburn and Syracuse Railroad Co., 10 Barb., 621.)
It is true, as claimed by the defendant’s counsel, that under the charge in this case the jury were authorized to give damages for pain and suffering the plaintiff might endure subsequent to the trial, but the charge was not objected to on that ground. The exception was “ to that part of the charge of the judge, in which he stated that the jury might award damages to the plaintiff for his bodily pain and suffering resulting from the injuries received,” and the only question presented thereby is, whether any damages can be awarded as a compensation for bodily pain and suffering, without reference to the time when endured.
I think there was no error in the part of the charge excepted to, and the judgment should be affirmed.
Brown, J., did not hear the argument; all the other judges concurring,
Judgment affirmed.