# The Pennsylvania Railroad Company *versus* Allen.

1. In actions for personal injuries, damages may be assessed beyond those that are merely compensatory. Such compensation is denied to those who sue for injuries to relative rights.

2. In actions for personal injuries sustained by a passenger by negligence of the carrier, the plaintiff is entitled to recover pecuniary compensation for pain, which the jury may consider an element in assessing damages.

3. The court below charged: "The law is that the plaintiff is only entitled to recover the pecuniary value of the injuries sustained, and so we lay it down to you. In its application to the question of damages for the physical pain suffered by the plaintiff, you must exercise your own discretion, governed by your own sense of justice and right, taking care not to indulge in your imaginations or sympathies so as to be led into an assessment of damages that would be unjust or oppressive to the defendant." *Held*, not to be error.

. ERROR to the Court of Common Pleas of *Erie county*.

This was an action on the case for personal injuries, by William N. Allen against the Pennsylvania Railroad Company, commenced May 30th 1865. The plaintiff, whilst a passenger in the defendants' car, was injured by a collision on the railroad, and disabled from attending to business.

The only question was as to the charge of the court on the subject of damages, in which Johnson, P. J., said :—

"The pain and personal affliction incident to the injury are also to be compensated in damages.

"While the cases maintain the right of the plaintiff to damages for the pain and bodily suffering endured, they insist on the enforcement of the rule that nothing but their pecuniary value shall be allowed, and require the court to lay down the standard by which they are to be estimated. Yet the books have furnished us no gauge or mathematical process to aid us in the performance of this duty.·  *  *  *  But the law is that the plaintiff is only entitled to recover the pecuniary value of the injuries sustained, and so we lay it down to you. In its application to the question of damages for the physical pain suffered by the plaintiff, you must exercise your own discretion, governed by your own sense of justice and right, taking care not to indulge in your imaginations or sympathies, so as to be led into an assessment of damages that would be unjust or oppressive to the defendant."

The jury rendered a verdict of $10,000, for which, after the

[Pennsylvania Railroad Co. *v.* Allen.]

overruling of a motion for a new trial, judgment was entered June 19th 1866.

The errors assigned were :—

1. The court erred in instructing the jury that the pain and personal affliction incident to the injury were to be compensated in damages.

2. The court erred in instructing the jury as follows: " But the law is that the plaintiff is only entitled to recover the pecuniary value of the injuries sustained, and so we lay it down to you. In its application to the question of damages for the physical pain suffered by the plaintiff, you must exercise your own discretion, governed by your own sense of justice and right, taking care not to indulge in your imaginations or sympathies, so as to be led into an assessment of damages that would be unjust or oppressive to the defendant."

3. The court submitted no rule to the jury by which damages were to be estimated for pain and mental suffering, but left the question of damages for pain and suffering to the unlimited discretion of the jury.

*J. R. Thompson* and *J. C. & F. F. Marshall*, for plaintiffs in error, cited Pennsylvania Railroad Co. *v.* Kelly, 7 Casey 379.

*J. Sill, Spencer & Marvin* and *J. H. Walker*, for defendant in error, cited 2 Ch. Pl. 648, 710, 711, 851; 2 Greenl. § 267; Theobald *v.* Railway Ass. Co., 26 E. L. & Eq. 432; Serger *v.* Barkhamstead, 22 Conn. 290; Masters *v.* Warren, 27 Id. 293; Canning *v.* Williamstown, 1 Cush. 451; Linsley *v.* Bushnell, 15 Conn. 225; Cowden *v.* Wright, 24 Wend. 428; Morse *v.* Aub. & Syr. Railroad, 10 Barb. 621; Curtiss *v.* Roch. & Syr. Railroad, 20 Id. 283; Caldwell *v.* Murphy, Duer 233; Ransom *v.* N. Y. & E. Railroad, 1 Smith 415; Pennsylvania Railroad *v.* Kelly, 7 Casey 372.

The opinion of the court was delivered, January 7th 1867, by

STRONG, J.—The argument addressed to us on behalf of the plaintiffs in error, is one which has often been urged, but always unsuccessfully. It is said the plaintiff below is entitled to no more than compensation measured by the pecuniary value of the injury he had sustained; that pain and personal suffering have no pecuniary value; that there is no standard by which they can be estimated; and that if a jury are allowed to take them into consideration in assessing damages, they must guess both at the intensity of the pain and at the sum which would be a compensation for it.

Hence, it is urged that inquiries into these subjects are too refined for a jury, or for any human tribunal, and that compensa-

[Pennsylvania Railroad Co. *v.* Allen.]

tion ought to be allowed for nothing that cannot be measured by some defined rule. It must be admitted, that it is easier to answer this by authorities than it is by reasoning. The theory of a jury trial undoubtedly is, that it accomplishes certain results by certain rules. Ordinarily, it measures damages according to some known and recognised standard. That standard is, in most cases, a common and acknowledged measure adopted as a lesson of human experience. But where there is, and can be, no such experience, or none that can be known, damages might as well be determined by the casting of dice as by the verdict of a jury. It is conceded, they must be estimated in money. But what is the pecuniary worth of a pain ? If it must be determined, it is either nothing, or it is variable according to the conjecture of those who are required to estimate it ; and they must guess not only its intensity, but its value in dollars and cents. It would seem that judicial tribunals ought not to be under the necessity of deciding anything so indeterminable. Damages, if recoverable at all, ought to be such as can be measured by some comprehensible rule—some rule that can be applied to human affairs.

Notwithstanding all this, however, it is undoubtedly true, that in some actions for personal injuries, juries in estimating the damages are to take into consideration the personal suffering caused by the wrong. So are the decisions. In cases of libel or slander, of wilful torts to the person, and in cases of negligence other than those that are breaches of contract, in cases of negligence which causes a personal injury, it has often been held that a jury may take into consideration the bodily and mental pain attendant on the injury. It must be admitted that it is no more possible to determine the pecuniary value of pain, in this class of cases, than in such a one as we now have before us. But such actions are not remedies sought for broken contracts. The wrongs complained of bear a nearer resemblance to a public offence. In assessing damages in such actions, juries are always allowed a larger license than in actions on contracts, and with some reason. In this state, at least, it seems to be the doctrine, that the circumstances attending such injuries may warrant an assessment of damages beyond those that are merely compensatory. It might well be, therefore, that a different rule should be applied to them from that which should be applied in suits on broken contracts.

Yet it is not to be denied that the authorities recognise no such difference. In this state the question has never directly arisen ; but I know of no decision anywhere, that a passenger personally injured by the neglect of a carrier to transport him safely, has been denied compensation for the pain caused by the injury. Such compensation is denied to one who sues for an injury to his relative rights ; but the immediate sufferer has been held entitled to it whenever the question has been raised. And

that such is the law is shown by the precedents. Chitty, in vol. 2d of his work on Pleading, page 647, gives the form of a declaration by a passenger against the owners of a stage-coach for overloading and improperly driving it, whereby the coach was overturned and the plaintiff's leg was broken. In each of the counts, the great pain of the plaintiff is laid as a substantial injury. And so far as any decisions of the English courts are to be found upon this subject, they recognise the right of a plaintiff to damages for such a cause. In Theobald v. The Railway Passenger Assurance Co., E. L. & Eq. 432, where it appeared that the defendant had undertaken to pay a reasonable compensation for any personal injury received while travelling in a railway car, it was held by the Court of Exchequer that the expense, pain and loss of the plaintiff were proper subjects, and the only proper subjects to be considered in assessing the damages. In Morse v. The Auburn & Syracuse Railroad Co., 10 Barb. 621, and in Curtis v. The Rochester and Syracuse Railroad Co., 20 Id. 283, it was decided that in actions against passenger carriers for negligence resulting in personal hurts, bodily pain and suffering are part and parcel of the injury for which the injured party is as much entitled to compensation in damages as for the loss of time and the outlay of money. These cases were reviewed by the Court of Appeals in Ransom v. The New York and Erie Railroad Co., 1 Smith 415, and the doctrine asserted in them re-asserted. I do not find that it has been even doubted in any court. Juries are required to estimate in the best way they can, what is a just recompense for pain suffered. Though we have no decisions in this state, we have dicta of judges sufficient to indicate the same opinion of the law. In Laing v. Colder, 8 Barr 479, which was an action against a passenger carrier for negligence, whereby the plaintiff's arm was broken whilst he was travelling in a railroad car, Judge Bell, in delivering the opinion of this court, remarked, that "injuries to the person consist in the pain suffered, bodily or mental, and in the expenses and loss of property they occasion. In estimating damages, the jury may consider not only the direct expenses incurred by the plaintiff, but the loss of his time, the bodily suffering endured, and any incurable hurt inflicted—for these may be classed among necessary results." A similar remark was made by the present Chief Justice in Pennsylvania Railroad Co. v. Kelly, 7 Casey 379. Some of these cases recognise the difficulty of applying a pecuniary balm to suffering, but deny that this furnishes any reason why it should not be done. It must therefore be considered as a rule of law, that in actions for personal injuries, sustained by a passenger in consequence of the negligence of a passenger carrier, plaintiffs are entitled to recover pecuniary compensation for pain suffered; and that juries in assessing damages may consider that

[Pennsylvania Railroad Co. *v.* Allen.]

as an element. It follows, that the 1st assignment of error in. this record cannot be sustained.

The 2d relates to the instruction given respecting the mode of assessment. Was that erroneous ? The jury were told that the plaintiff was only entitled to recover the pecuniary value of the injuries sustained, and that in the application of this rule to the question, what damages should be given for physical pain suffered, they must exercise their own discretion, governed by their sense of justice and right, taking care not to indulge in their imagination or sympathies, so as to be led into an unjust or oppressive assessment. It is difficult to see how more precise instructions could have been given. The assessment was not left to the ungoverned and unlimited discretion of the jury. It may be and it probably is the fact that the damages found were excessive and quite unreasonable. There must always be danger of such assessments, if a jury is at liberty to fix a valuation upon something that cannot be valued. But this is irremediable by us. The only palliation that remains in such a case (it is not a cure), is the free exercise of the power which the Court of Common Pleas has to grant new trials.

The judgment is affirmed.