# IN GENERAL TERM.

PETER STOUT *v.* INDIANAPOLIS & ST. LOUIS RAILROAD COMPANY, Appellant.

Appeal from BLAIR, Judge.

### *Railroad—Highway crossing—Negligence.*

Where a person approaches a line of railroad, that for some distance is to be seen from, and in direction of a highway, which he is traveling, and the railroad crosses, and such person fails to use all reasonable means to ascertain whether a train is near, or that it would be safe to cross the track without stopping to look, and investigate the probabilities of danger, and goes upon the track, and is injured by a passing train, he is guilty of negligence, and can not recover damages.

An answer to a question collateral to the issue can not be contradicted by the interrogating party—it is conclusive against him.

*Barbour & Jacobs*, for appellee.

*M. S. Osborne*, for appellant.

RAND, J.—This was a suit brought by Stout against the Railroad Company, in which he alleges that he was crossing defendant's track in a two-horse wagon, where it crosses the public highway, called the Rockville Road, and that the defendant's servants carelessly, and negligently run a locomotive and train over plaintiff's horses and wagon, and greatly injured him, and that plaintiff did not by his own carelessness, or negligence, contribute to the injury.

The defendant denied the allegations of the complaint.

There was a trial at Special Term, and verdict for plaintiff for $3,000, and motion for new trial, which was overruled,

and excepted to, and bill of exceptions setting out the evidence in the case.

It appears from the evidence that the plaintiff was traveling along a public highway, called the Rockville Road, in Marion County, in a two-horse wagon, and as he drove across the defendant's track where it crosses said Rockville Road, the defendant's train, consisting of a locomotive and cars, coming from the West, ran into the plaintiff's horses and wagon, destroying the wagon, killing one of the horses, and seriously injuring the plaintiff. The Rockville Road branches from the National Road a quarter of a mile east of where defendant's track crosses the former road. Plaintiff was traveling west from the National Road along the Rockville Road, to said railroad crossing, and defendant's track was in view most of the way for a mile west from *said point* of the Rockville Road, which plaintiff was traveling, until he came within about one hundred feet of defendant's track, and then the view of the track was obstructed from plaintiff until he got within thirty feet of the track, and then it could be seen about a *quarter of a mile west*.

If plaintiff had used proper diligence in looking out for passing trains, he could, until he arrived within one hundred feet of the crossing, have seen the train coming for at least a mile, and after he had got within thirty feet of the track, he could have seen it about a quarter of a mile. If he did not look out for the train, and attempted to cross, it was negligence on his part—and if he saw the train coming, and attempted to cross immediately in front of it—this was also grosser negligence, and he must take the consequences of his own rashness. We may add here that there is no evidence that defendant's train was willingly, or wilfully run upon the plaintiff's team and wagon.

The defendant asked the Court to give fourteen written instructions, all of which were refused, and properly excepted to.

6

The Court charged the jury, and most of the instructions asked by defendant were given to the jury in substance, if not in form. As to some of the others, this Court is divided in opinion, as to whether they should have been given, but we are unanimously of opinion that the third instruction asked by defendant should have been given to the jury.

This instruction reads as follows :

*Third*, If you find that the plaintiff did not, before attempting to cross the railroad, endeavor to ascertain whether a train was near, by looking up and down the track, or by using all reasonable means to ascertain whether it it would be safe to cross the track, and he went upon the track without investigating, or stopping beforehand, then the plaintiff would be guilty of negligence, and could not recover."

This *instruction*, we think, states a correct principle of law, and is applicable to the case at bar. No instruction was given to the jury which so clearly and fully expressed this principle. See *The Bellefontaine Railroad Company* v. *Hunter*, 33 Ind., and authorities there cited.

The defendant has assigned for error, that the Court erred in permitting the plaintiff to ask the witness, Jacob Kunkle, over defendant's objections: " Did Aaron Cady, at the place of the accident, after it had happened, say to you that he never would pass that crossing again without sounding the whistle ? "

The witness, Aaron Cady, had testified in chief, that before calling for down breaks, he gave two or three puffs of the whistle, when he first saw the team of the plaintff, and was then asked, on cross-examination, whether he had not made that statement to Jacob Kunkle ?

This was a question on a collateral matter, and the plaintiff was bound by Cady's answer. See 1 Starkey on Evidence, side page, 164.

A new trial should have been granted.

Stout *v.* Indianapolis & St Louis Railroad Company.

The cause is *reversed*, and remanded to Special Term for a new trial.

NOTE —The omission of a railroad company to give the signals required by the Statute, on the approach of a locomotive within eighty rods of a highway crossing, is a breach of duty to the passengers, whose safety it imperils, and to the wayfarer, whom it exposes to mutilation, and death. *Ernst* v. *Hudson River Railroad Company*, 35 *N. Y.*

When the passer-by knows of the immediate proximity of an advancing train, whether the warning be by signals, or otherwise, and having a safe and reasonable opportunity to stop, he voluntarily takes the risk of crossing in front of it, he is guilty of culpable negligence, and forfeits all claim to redress. *Same.*

Of the crossings the company's servants have a right to presume that there are no trespassers on the roadway. They are not bound to look out for trespassers, except for the safety of passengers. If a trespasser is seen, the company's servants will not render the corporation liable except for wanton negligence. The obligations of care and diligence rest on the trespasser. *Am. Law Reg.*, (N. S.), 7, 450.

Neither the company, nor the public, have exclusive rights of passage at a highway crossing. Their rights are concurrent. It is the duty of the traveler to look out for approaching trains and engines. If he fails to use the precaution, his omission to perform his duty is negligence, and he can not recover. *The Railroad* v. *Heilman*, 13 *Wright*, 60; 3 *P. F. Smith*, 255.

Unless the jury are satisfied by *affirmative evidence* that ordinary care was used, no recovery can be had for damages. *The Railroad* v. *Hogan*, 11 *Wright*, 246; 12 *Md*, 261; *Ibid*, 46.

With respect to the defendant's negligence, the *onus probandi* is of course on the plaintiff—4 *Wright*—except where he is a passenger suing his carriers    6 *Casey*, 234.

The rule that the plaintff can not recover damages, if his own wrong, as well as that of the defendant, conduced to the injury, is confined to cases where the plaintiff's wrong, or negligence, has immediately, or proximately contributed to the result. *Kline* v. *Central Pacific R. R.*, 37 *Cal.*, 5 *Am. Law Reg.*, 397, *N. S.; Redfield on Railways*, 337; 2 *Car. & R.*, 730; 8 *C. B.*, 115; 12 *C. B.* ( N S.), 2; s. c., 3 *F. & F.*, 61.

The party injured not being a passenger, the defendants were not required to exercise that degree of vigilance which the law required towards those with whom there is a relation of trust, and confidence, or bailment between the parties. 8 *Barb.*, 378.

*See Redfield's Am. Railway Cases*, 636. Also the following authorities touching the question involved in the above opinion:

*Davies* v. *Mann*, 10 *M. & W.*, 546; *Illidge* v. *Goodwin*, 5 *C. & P.*, 546, *leading English Cases*; 24 *Vt. Rep.*, 487; 27 *Conn. Rep.*, 393; 16 *Ib.*, 421; 3 Ohio (*N. S.*), 172; 4 *Ib.*, 474; 8 *Ib.*, 570; 31 *Penn., St. Rep.*, 510; 26 *Conn. Rep.*, 591; 1 *Cush.*, 451; 10 *Barb.*, 621.

On the question of a party being bound by answer of witness, *See* 1 *Greenl. Ev* , 12 *Ed.*, *Sec.* 442 to 449—for exceptions to general rule—*Sec.* 443, *and authorities cited.*