PASQUALI BRIGNOLI *v.* CHICAGO AND GREAT EASTERN RAILWAY CO.

Where plaintiff proved that while riding as a passenger in one of the defendants' cars, the car in which he rode was, by reason of the breaking of one of the rails, overturned, in consequence of which his shoulder-blade was broken, and without imputation of negligence on his part, he sustained serious injury; *Held*, that he had made out a *prima facie* case of negligence on the part of the defendants, entitling him to damages.

Brignoli v. Chicago and Great Eastern Railway Co.

It having appeared on the trial that the accident by which the plaintiff was injured was caused directly by the breaking of a rail, but that the breaking of the rail was due to the unsound condition of a wooden cross-tie; *Held*, that the judge was right in refusing to charge the jury " that if the track and rails of the defendants (a railroad company) were sound immediately prior to the accident, and there was no *defect in the rail* which could have been discovered by any examination, the defendants were not responsible for the damage caused by the accident," on the ground that it tended to misdirect the minds of the jury from the real cause of the accident, which was the defect in the cross-tie.

In estimating the damages in such cases, personal suffering, as well as medical expenses and the direct pecuniary loss, are the subjects for compensation.

The jury may also take into account the probable profits of the engagements, or probable earnings of the plaintiff, after the time of the accident and during the disability arising therefrom.

APPEAL by defendants from a judgment of this court entered upon the verdict of a jury at trial term.

Action for negligence.

The facts are stated in the opinion.

*Tompkins Westervelt*, for appellants.

*Edward Patterson*, for respondent.

BY THE COURT.*—ROBINSON, J.—By the pleadings, the fact that the defendants were a railroad corporation, owning a railroad between Chicago, in the State of Illinois, and Cincinnati, in the State of Ohio, and common carriers for hire; and that plaintiff at the time of the accident complained of was a passenger in one of their cars, to be carried for hire between those cities, was admitted.

When the plaintiff first rested his case, it appeared that while such passenger was near Logansport, Indiana, the car in which he rode was, by reason of the breaking of one of the rails, overturned, in consequence of which his shoulder-blade was broken, and without imputation of negligence on his part, he sustained serious injury.

The circumstances under which the accident occurred, as

---

* Present, DALY, Ch. J., ROBINSON, and J. F. DALY, JJ.

disclosed by plaintiff's evidence when he first rested, and the fact that it arose from the car running off the track and upsetting, showed some such defect or deficiency in the road, or the machinery by which it was operated, as presented a *prima facie* case of negligence, entitling him to recover (*Holbrook* v. *Utica & Schenectady R. R. Co.* 12 N. Y. 236 ; *Curtis* v. *Rochester & Syracuse R. R. Co.* 18 Id. 534; *Edgerton* v. *N. Y. & Harlem R. R. Co.* 39 Id. 229).

The defendants had contracted to carry him safely, but failed to do so through a defect in their track. They were bound to have their track in a sound and safe condition, and as the accident happened from a failure in this respect, the burden of showing that it occurred without fault on their part was cast upon them, and this they attempted to do by endeavoring to prove, what the law exacted, that *their road was free from any defects which the utmost vigilance, aided by the highest skill, could discover or prevent.*

Upon this issue testimony was offered on both sides. The plaintiff subsequently offered considerable evidence tending to show positive neglect ; and the question, as finally submitted, was one properly within the province of the jury, and has been passed upon by them.

The defendants' counsel requested the judge to charge the jury, that if the tracks and " rails' of the defendants were sound immediately prior to the accident, and there was *no defect in the rail* which could have been discovered by any examination, the defendants were not responsible for the damage caused by the accident."

The judge said, " I leave that to the jury, as a question of fact."

Defendants' counsel then asked the judge to charge, that if they believed that state of facts, then the defendants were not responsible ; to this the judge replied, " I decline to charge in that form. I leave it as a question of fact for the jury."

This was reiterated in substantially the same form, and on the judge declining to charge " that, in that form," exception was taken.

The evidence on the part of the plaintiff tended to show

that the defect was not *in the rail* which broke, but in *the wooden cross-ties*, and these ingenious requests tended to misdirect the mind of the jury from the evidence, and were properly denied.

The defendants' counsel then stated eight several particulars in which they claimed to except to the judge's charge. As to the 1st, 2d, 4th, 6th, and 8th :

1st. That the defendants were responsible for all damages resulting from an accident where there was no *vis major*.

2d. That in this case there was no evidence of *vis major*.

4th. That the defendants had not proved anything in the nature of *vis major* in the case.

6th. That the jury were to take into consideration, in determining the damages, the mental anguish and suffering of the plaintiff.

8th. That the whole charge was a direction to the jury to find for the plaintiff.

Neither of these propositions is found in the charge.

3d. The third proposition is predicated upon the statement in the charge, that the circumstances proved, showing an injury resulting from a defect in the railroad or its appliances, presented *prima facie* evidence of neglect, is sustained by the authorities in our Court of Appeals above cited.

5th. That the jury were bound to allow plaintiff, on account of his damages, the full charge of Dr. Carnochan, of $1,200.

This expense was incurred for medical attendance by Dr. Carnochan, in his necessary attendance to cure plaintiff of his injury, and no question was made that it was not necessary and proper. No suggestion is made why it should not be allowed as part of the plaintiff's damages. Personal suffering, as well as medical expenses, and the direct pecuniary loss, were the subjects for compensation (*Ransom* v. *N. Y. & Erie R. R. Co.* 15 N. Y. 415 ; *Morse* v. *Auburn & Syr. R. R. Co.* 10 Barb. 621 ; Sedg. on Dam. 648, note 2).

7th. The instruction to the jury, that in fixing the damages, they might take into account the probable profits of the engagements, or probable earnings of the plaintiff, after the time of the accident and during his disability therefrom. This, although

not precisely in the terms of the charge, may be regarded as a substantial statement of its meaning and intent. In suits of this character there can be no certain measure of compensation for the pain and anguish of the body, injury to the health or person, nor for the loss of time and care of business.

The inquiry necessarily involves consideration of the position of the injured party in life, the business or profession in which he was engaged, the means at his command to earn money, and the extent to which they are affected in consequence of the injury (*Wade* v. *Leroy*, 20 How. U. S. 34; *Curtis* v. *Rochester & Syr. R. R. Co.* 20 Barb. 282 ; affirmed in 18 N. Y. 534).

This instruction to the jury was not erroneous, nor did any other error occur on the trial which entitles defendants to a new trial.

The judgment should be affirmed.

J. F. DALY, J., concurred.

DALY, CH. J. [dissenting.]—The judge was requested to charge that if the *track and rails* were sound immediately before the accident, and there was no defect in the rail which could have been discovered by any examination, the defendants were not responsible. This proposition was abstractly correct (*McPadden* v. *The N. Y. Central R. R. Co.* 44 N. Y. 478). It involved a proposition of law, and if at all relevant, could not be left to the jury to pass upon as a question of fact, which was the disposition the judge made of it.

It could not be deemed immaterial, if there was any testimony at all in the case upon which to predicate it, and there was, I think, such testimony. The rail-bed or track was examined by the defendants' witness Young, immediately before the accident and about two or three minutes after, and his statement was that there was nothing observable which could have caused the accident, and expressed his belief that the cause of the rail breaking could not have been detected by an examination before the passage of the train, and that there was no appearance of the rails having been displaced by reason of imperfect fastenings to cross-ties. The witness Reeve saw the broken rail within a

Brignoli v. Chicago and Great Eastern Railway Co.

minute after the accident, and said that there was nothing in its appearance to indicate the cause of its breaking. That he did not suppose the cause could have been detected by the examination of the rail before the passage of the train. That it was a new fracture, and the rail had the appearance of a sound rail in every respect except as to the fracture. That the ties and rails were all in their place, sound, and the whole in good condition, except the break in the rail. That he examined the track five minutes after the accident, and there was no appearance of the rail having been displaced by imperfect fastening to the cross-ties. The witness Harkness examined the track the next morning, and said that it was all in good condition, except the broken rail; that it was broken out of sound iron, and showed no defect whatever; that there was nothing to indicate the cause of its breaking; that there was no appearance of the rails having been displaced by imperfect fastening to the cross-ties, and that the cause of its breaking could not have been detected by an examination before the passage of the rail-car. Upon this testimony, and as the law is now expounded by the Court of Appeals in the case cited, it appears to me that the defendants were entitled to have the instruction they requested. The testimony was conflicting. That of the plaintiff was, that the cross-ties under the broken rail were entirely rotten, and probably furnished the true explanation of the cause of the breaking of the rail; but the defendants could not be deprived of the benefit of a proposition of law based upon the testimony given by their witnesses, that testimony being directly contradictory as to the actual state and condition of the ties. Lauza, for the plaintiff, swore that two or three of the ties to which the broken rail was attached, were all crumbled up like dust. Locabelle, that he examined the condition of the cross-ties, that they were bad and poor; that he scraped a cross-tie away with his foot, and that it all crumbled up; that the ties to which the rail was fastened were rotten; whilst Reeves, for the defendants, testified that the ties were all sound, in their place and the *whole* in good condition.

Judgment affirmed.