DETERMINED IN THE

# SECOND DEPARTMENT,

AT

# GENERAL TERM,

## 𝕯𝖊𝖈𝖊𝖒𝖇𝖊𝖗, 1884.

---

ARTHUR QUINN, RESPONDENT, v. THE LONG ISLAND
RAILROAD COMPANY, APPELLANT.

*Negligence — action for personal injuries occasioned by it — the pain suffered by the*
*plaintiff may be considered by the jury — when a verdict will not be set aside as*
*excessive.*

This action was brought to recover damages for personal injuries sustained
by the plaintiff, while a passenger on one of the defendant's trains, by rea-
son of an accident alleged to have been caused by its negligence. The
plaintiff, when the accident happened, was jammed in and fastened by
broken pieces of the train so that he could not be extricated therefrom.
The fragments of the wreck which held the plaintiff down supported
the tender and locomotive of the train, which were over and about two
feet from him. There was danger that the plaintiff would be crushed if the
portion of the wreck which held him should be removed. He remained in
this condition some thirty or forty minutes, and while so held requested a
bystander to kill him, being conscious of the risk of being crushed. Upon the
trial the court charged that the jury could take into consideration the plaintiff's
" situation at the time, how painful, how trying it was."
*Held,* no error.

The evidence tended to show that the plaintiff, who was about fifty-four years
old, had three ribs fractured, received a crushing wound in the lower part of
the leg, and was also injured above the knee; that he was confined for six
or seven weeks, suffering great pain and difficulty in breathing; was lame nine
months after the accident, and might continue so for years.
*Held,* that a verdict of $5,000 should not be set aside as excessive.

APPEAL from a judgment in favor of the plaintiff, entered upon
the verdict of a jury, and from an order denying a motion for a new

trial made upon the minutes of the justice before whom the action was tried.

The action was brought to recover damages for personal injuries sustained by the plaintiff while a passenger on one of the defendant's trains.

It appeared upon the trial that the plaintiff, after the accident, was held down by a part of the wreck upon which rested the tender and locomotive, and that there was great danger of his being crushed by them if the pieces which held him fast were removed. He testified that while so held he suffered greatly and thought that if anything was moved he would be crushed, and that he "halloed for somebody to get a gun or pistol and blow his brains out."

The judge charged, among other things, as follows: You are not to speculate on the question whether or not he might have been killed. The compensation he is to receive is to pay for what was done, not for what might have resulted; but to this extent it may have a bearing on the case, in this respect only. When the plaintiff was in this position described to you, confined between the engine and the car, of course any danger of death, or anything of that kind then impending over him, undoubtedly increased his sufferings, his mental agony, if not his physical pain, and he is entitled to compensation for that, not because he might have been killed, that not having occurred, but you can take into consideration his situation at that time, how painful, how trying it was. That is an element of damages, and he is entitled to compensation for that.

The defendant excepted to the charge that the plaintiff was entitled to compensation for the suffering caused by the imminent danger of death.

*Edward E. Sprague*, for the appellant.

*William G. Cooke*, for the respondent.

BARNARD, P. J.:

The plaintiff, while being carried by defendant as a passenger, was negligently injured, without any fault on his part; although the pleadings put in issue the liability of the defendant, its liability was admitted as part of the case upon the trial. The cause of the accident does not appear. There was a crash, and the front of the car

in which plaintiff was sitting seemed to cave in. The plaintiff was thrown under the wreck. It was not erroneous to permit the witness Smith to testify to the circumstances surrounding the accident and the steps he took to release the plaintiff. He found the plaintiff so jammed in and fastened by the broken pieces of the train that he could not extricate him. He stated that he extricated another passenger and then returned to aid in extricating the plaintiff, the result of which testimony was vital to the plaintiff's case, in that it showed that the plaintiff remained in a condition of extreme pain, and under circumstances calculated to inspire terror, for thirty or forty minutes. The evidence shows that the plaintiff was held down by the fragments of the train, which were the apparent support of the tender and locomotive. The tender was thus supported about two feet above him. The plaintiff was conscious of the risk of removing the obstruction which held him, lest such removal should cause him to be crushed by the tender when the support to it was removed. In this extremity he desired Smith to kill him. The judge charged the jury that they could take into consideration "his situation at that time; how painful, how trying it was." This precise question has not been decided in this State. In the case of *Ransom* v. *New York and Erie Railroad* (15 N. Y., 415) the Court of Appeals held that bodily pain and suffering of the plaintiff from the injuries were proper subjects of compensation. In deciding this case the court cite with approval *Seger* v. *The Town of Barkhamsted* (22 Conn., 290), where the instruction to the jury was that "they had a right to consider all the circumstances of peril and danger attending the accident." The conclusion of the appellate court in that case was that the injury is not confined to his wounds and bruises upon his body, but extends to his mental suffering.

The jury gave the plaintiff a verdict for $5,000. It is claimed to be excessive. The evidence shows the plaintiff to have been fifty-four years of age; three of his ribs were fractured; he received a crushing wound on the lower part of the leg, above the ankle joint; he was also injured above the knee; he was confined six or seven weeks; he suffered great pain; he had difficulty in breathing on the left side. "It pains," says the physician, "during respiration every time the man breathes;

he is lame yet." This was some nine months after the accident. "It may be years before time will cease the difficulty," is the testimony of his surgeon. Under this evidence an appellate court cannot say that the jury was influenced by passion, partiality or prejudice. We cannot say from a review of the evidence that the verdict was not well supported.

The judgment and order denying a new trial should be affirmed, with costs.

DYKMAN and PRATT, JJ., concurred.

Judgment and order denying new trial affirmed, with costs.