## John S. Stowe *vs.* Levi C. Heywood.

A father may maintain an action for harboring and secreting his minor daughter, and persuading her to remain absent from his family and service without his consent, and in such action may recover for his mental suffering caused by the injury, though he may not introduce evidence thereof, distinct from and in addition to that which shows the nature and extent of the injury.

A declaration for enticing away a minor daughter from her father's family may be amended by adding a count for harboring and secreting her and persuading her to remain absent from her father's family and service without his consent.

The defendant in an action for harboring and secreting the minor daughter of another, and persuading her to remain absent from her father's family and service without his consent, has no ground of exception to an instruction to the jury that, if the plaintiff by his cruel, abusive and improper treatment of her had justly alienated her affections from him to such an extent that she would not continue to live with him, he had forfeited all claim to her service and society and could not recover damages, although the defendant requested an instruction upon this point which was not qualified by the insertion of the word "justly;" nor has he any ground of exception to a refusal to instruct the jury that if the plaintiff's treatment of his daughter contributed in any degree to produce the wrong complained of, the action could not be maintained.

Tort. The original declaration was for enticing away the plaintiff's minor daughter, Laura M. Stowe, from his service

and home. After the evidence for the plaintiff was in, he had leave to amend by adding the following count:

" And the plaintiff further saith that one Laura M. Stowe was his minor child and servant, and he was entitled to her service and society during her minority, which the defendant well knew ; yet the defendant, with intent to deprive the plaintiff of her society and service, harbored, secreted and concealed the said Laura, she being absent from the plaintiff's family and service against his will, persuaded her to remain absent as aforesaid, and thereby caused the plaintiff to lose her society and service, and caused him much expense in endeavors to discover said child, and much injury, sorrow and distress of mind." To this count the defendant demurred, and the demurrer was overruled.

At the trial in the superior court, before *Vose*, J., evidence was introduced tending to support the averments of the declaration, and the plaintiff was allowed, under objection, to introduce evidence tending to show that he suffered pain and anxiety of mind. The defendant introduced evidence which, as he insisted, tended to show improper treatment of the child by the plaintiff, in consequence of which she left his house voluntarily, with the intention of never returning. The defendant thereupon asked for the following among other instructions to the jury :

1. The allegations in the second count furnish no cause of action to the plaintiff.

2. If the plaintiff, by his cruel, abusive and improper treatment of his child, had alienated her affections from him to such an extent that she would not continue to reside with him, he had thereby forfeited all claim to her service and society, and the defendant would not be liable for any acts done by him after she left the plaintiff's service.

3. If the defendant harbored or concealed the plaintiff's child when she was away from his home and service, and when she had no intention of returning, the second count cannot be maintained.

4. If the plaintiff's treatment of his daughter contributed in

any degree to produce the wrong complained of, he cannot maintain this action.

The judge instructed the jury, amongst other things, as follows :

" To enable the plaintiff to maintain an action on the second count, the jury must be satisfied that the child, after leaving the house of her father without his consent, determined to continue to absent herself from the house and service of the plaintiff, and deprive him of her service and society, and that the defendant, knowing that she was so absent from her home and that such was her purpose, in some way or manner aided her in carrying out such purpose, and with the intent to enable her to carry out such purpose, and that she was enabled by such aid of the defendant to accomplish her object. If the defendant knew of the girl's absence from home without the consent of her father, and aided her in her purpose to continue so to absent and conceal herself from the plaintiff, he may be presumed to have intended the natural consequences of his acts done in aid of such purpose, which he could foresee would result from them at the time he did them, unless the jury were satisfied from the evidence that he rendered such aid from some other motive than to enable her effectually to conceal herself from her father and deprive him of her services. If, knowing that the child was absent from the service which she owed her father against his will, the defendant carried her, or caused her to be carried, from place to place for the purpose of enabling her to conceal herself from the father's knowledge, and obtain harbor and shelter so that she might be able to remain away from his service, and thereby aided her so to remain away and avoid his service, then he is liable. If the plaintiff, by his cruel, abusive and improper treatment of his child, had justly alienated her affections from him to such an extent that she would not continue to reside with him, he had thereby forfeited all claim to her service and society, and the defendant would not be liable for any acts done by him after she had left the plaintiff's service."

The judge also, at the request of the defendant and by the consent of the plaintiff, adopted the following instructions to

Stowe *v.* Heywood.

the jury: " If the plaintiff, by reason of his improper and abusive treatment of his child, was an unfit person to have the care of her physical and moral welfare, then he was not entitled to her service or society, and the defendant would not be liable for any acts alleged to have been done by him after she left the plaintiff. If the child had left her father's house at the time when any of the acts complained of were done by the defendant, and her state of mind and feeling towards her father were such that she would not, by the use of any possible means, have been persuaded to return there, and the acts of the defendant were not influential in any degree in preventing her return, then the defendant is not liable, though he may have aided and assisted her in her attempted concealment."

The jury disagreed upon the first count, and returned a verdict for the plaintiff on the second count, with damages in the sum of $833.33; and the defendant alleged exceptions. Questions arose as to the effect of the disagreement upon the first count, which are now immaterial.

*P. C. Bacon & G. F. Verry,* for the defendant. 1. The amendment stated a new cause of action, while the original cause of action was retained; and was improperly allowed. Gen. Sts. *c.* 129, § 41. *Vancleef* v. *Therasson,* 3 Pick. 12. 2. The gist of this action is loss of service, and the general rule of damages is the value of the service. 2 Chit. Pl. (6th Amer. ed.) 645, 646, and cases cited. 3 Amer. Jur. 287, 292, 296, 298, 305. Sedgwick on Damages, (3d ed.) 554. *Richards* v. *Farnham,* 13 Pick. 481. *Whitney* v. *Hitchcock,* 4 Denio, 461. *Dubois* v. *Allen,* Anthon, 94. The only cases where damages for wounded feelings have been allowed are in cases of seduction. This doctrine ought not to be extended to cases like the present. The father in this case stands on the same ground with any other master. He suffers a loss of service; and can only recover for that, unless a new doctrine is imported into the law of master and servant. 3. The second prayer for instructions should have been adopted with qualification. 4. The fourth prayer should also have been adopted. *Parker* v. *Adams,* 12 Met. 418, and cases cited.

*G. F. Hoar & E. B. Stoddard,* for the plaintiff. 1. The second count states a good cause of action. *Butterfield* v. *Ashley,* 6 Cush. 251, and authorities cited. 2 Chit. Pl. (6th Amer. ed.) 645. 2. The instructions given were sufficiently favorable to the defendant. The fourth prayer is in substance a claim that if the plaintiff's treatment, though judicious and for her best interest, contributed to induce the child to absent herself, the defendant is not liable. 3. Evidence that the plaintiff suffered pain and anxiety of mind was rightly admitted. Prof. Greenleaf, in 9 Law Reporter, 534. 2 Greenl. Ev. § 579. *McBride* v. *McLaughlin,* 5 Watts, 375. *Phillips* v. *Hoyle,* 4 Gray, 568. This action stands on the same ground with an action for seduction. The jury did not agree as to enticing. It may therefore be taken for granted that the original departure of the child from her parent's roof was an act of pure childish disobedience and folly. It cannot be the law that the defendant by his counsel and active aid may turn this simple act of childish impulse into a life of settled disobedience, destroy the principle of filial duty in her mind, deprive the father of the comfort of her society and of the character which the proper moral and religious training of her home would have produced, and his liability be measured simply by the pecuniary value of her services. *Gunter* v. *Astor,* 4 J. B. Moore, 12.

METCALF, J. The defendant's counsel admit that in an action for the seduction of a daughter, a jury are not confined to the consideration of the mere loss of her service, but may give damages for the distress and anxiety of mind which the parent has sustained in being deprived of the society and comfort of the child, and by the dishonor which he receives ; 2 Selw. N. P. (11th ed.) 1116 ; *Phillips* v. *Hoyle,* 4 Gray, 568 ; but they contend that damages for mental suffering are not legally recoverable in any other action. This position cannot be maintained. There are various other actions for injuries wilfully inflicted, in which damages for mental suffering are held to be recoverable. This plaintiff's action is one of that kind. We therefore need not now inquire whether damages for such suffering can be recovered, when it is the effect of an injury caused

by negligence and carelessness only, and not by design. On this question the authorities are not uniform. See *Canning* v. *Williamstown*, 1 Cush. 451; *Masters* v. *Warren*, 27 Conn. 293; *Flemington* v. *Smithers*, 2 C. & P. 292; 2 Greenl. Ev § 267.

In an action for forcible abduction of children, the father is entitled to damages for the injury done to his feelings. *Magee* v. *Holland*, 3 Dutcher, 86. So, in an action for a libel, damages may be given for the mental suffering arising from the apprehension of the consequences of the publication. By Erskine, J 7 Man. & Gr. 346, and 8 Scott N. R. 25. " The cases of libel and slander, seduction and the like," says Chief Justice Shaw, " are analogous in this; that in general they do not involve a loss of money, time or business, capable of being measured and estimated, but are founded on damages done to one's feelings, reputation, social position, hope of advancement and the like. These are damages not measurable by any standard, but capable, in many instances, of producing the greatest suffering, yet, in others, cause little or no actual injury." *Treanor* v. *Donahoe*, 9 Cush. 229, 230. In an action for a wanton assault and battery, the plaintiff may recover for mental anxiety, public degradation and wounded sensibility. *Wadsworth* v. *Treat*, 43 Maine, 163. See also Sedgwick on Damages, (3d ed.) 554, *note.*

There are other cases in which damages for mental suffering, in addition to damages for bodily injury, or injury to property, may be recovered ; to wit, cases in which the legal injury is enhanced by the time, place and circumstances of its infliction, and the degree of indignity and insult that attend it. Though the indignity and insult, taken alone, would not be actionable, yet, when connected with an actionable injury, they aggravate it, and are an element of recoverable damages. Cases cited in 3 Stark. Ev. (4th Amer. ed.) 1450, and Addison on Torts, 178, 179, 787. *Emblen* v. *Myers*, 6 Hurlst. & Norm. 54.

But though we decide that the plaintiff is entitled to damages for his mental suffering caused by the defendant, we are of opinion that evidence thereof, distinct from and in addition to

that which showed the nature and extent of the principal injury, was not admissible. We must infer from the bill of exceptions that such evidence was received at the trial. And it was agreed by counsel, at the argument, that the plaintiff himself did not testify concerning his pain and anxiety of mind.

Mental suffering cannot be directly proved as a fact by any one besides the sufferer, but is a matter of inference from causes which naturally tend to produce it. It cannot be measured aright by outward manifestations; for there may be a show of great distress where little or none is felt. And great distress may be concealed and borne in silence with an apparently quiet mind. *Ab inquieto sæpe simulatur quies.* Hence it is plain that the amount of a plaintiff's damages for mental suffering is not to be affected by evidence of his language or conduct — which we suppose to have been the evidence admitted in the present case — but by the nature and extent of the injury which caused that suffering, and its natural tendency to produce it. And we nowhere find that any other evidence of mental suffering, besides that of the injury which was the alleged cause of action, was ever before admitted.

The exception to the admission of evidence offered by the plaintiff, " tending to show that he suffered pain and anxiety of mind," is sustained, and the verdict is to be set aside. The disagreement of the jury on the first count is therefore immaterial. All the other exceptions are overruled. As the demurrer was not argued, we suppose it to have been withdrawn.

. *New trial granted.*