SEGER *vs.* THE TOWN OF BARKHAMSTED.

In an action brought against a town, upon the statute " concerning highways and bridges," for injuries, by reason of a defect in a bridge, averments respecting an injury to the person of the plaintiff can be united, in each count of the declaration, with averments respecting an injury to his property ; although damages for these different injuries are given by different sections of said statute.

In the assessment of damages, for a personal injury, the jury have a right to consider the peril and danger to which the person of the plaintiff was exposed, by the accident producing the injury.

Upon the trial of an action, brought upon said statute, by A, against the town of B, to recover damages for injuries occasioned by negligent defects in a bridge, the court rejected evidence, offered by the defendants, of a contract between A and B, in which A agreed to replank said bridge, with good, new, oak plank, and the breach of said contract by A ; but permitted the defendants to prove, that the plaintiff, in repairing said bridge, used defective plank, and instructed the jury, that if the plaintiff, in repairing said bridge, wrongfully or improperly put defective plank, or other defective material, into said bridge, by reason of which, in any essential degree, the injury complained of, was occasioned, he was the author of his own misfortune, and could not recover. Held, that, as the defendants could not, in such action, recover of the plaintiff, or set off any damages which they might have sustained, by reason of a breach of that contract, and the defendant's non-performance constituted no defence to the same, proof of the terms and breach of said contract was irrelevant, and properly rejected. Held, also, that the charge was correct ; and that the terms, " wrongfully and improperly," could not lead the jury to suppose, that the existence or breach of the contract, were questions that were to be decided by them.

Seger *v.* The Town of Barkhamsted.

THIS was an action upon the statute " concerning high-ways and bridges," brought against the town of Barkham-sted, for injuries suffered by the plaintiff, in his person and property, by reason of a defect in the covering of a bridge in said town, and the want of a railing on the sides thereof. The declaration contained three counts, which were essentially alike. The third count, which was principally relied on in the argument, substantially averred, that it was the duty of said town, to build, maintain and keep said bridge in good and sufficient repair ; that the same was out of repair, defective and insufficient, and unsafe for travelers ; that said bridge was raised and elevated above the adjoining ground, and so as to endanger the safety of travelers, in passing over said bridge, without a railing or fence upon the sides of said bridge ; and that it was the duty of said town to build, maintain and keep a good and sufficient railing or fence upon the sides of said bridge, yet the said town had wholly neglected and failed to keep and maintain such railing or fence, and that said bridge was without any sufficient railing or fence, contrary to the statute in such case made and provided ; that the plaintiff, on the 27th day of February, 1851, was passing over said bridge, in his wagon, when the horse of the plaintiff, in consequence of a hole in the floor of said bridge, stepped through said bridge and became frightened and unmanageable, and, without any fault of the plaintiff, ran off the side of said bridge, for want of a railing or fence, upon the sides of said bridge, and fell upon the rocks and stones under and by the side of said bridge, by means of which, the plaintiff, and also his horse and wagon, were injured ; and he became entitled to demand and recover damages of the defendants ; whereby the defendants became liable to pay to the plaintiff just damages for the injuries he sustained, in his person and property.

The cause was tried before the jury, at Litchfield, February term, 1853.

On the trial, it was admitted, that it was the duty of the

town, to erect and keep the bridge in question, in repair; that said bridge was elevated above the bottom of the stream, six or eight feet; and that there was not, and never had been, any railing on the sides of it.

The plaintiff claimed, and introduced evidence to prove, that he was passing over said bridge, in a one-horse wagon, at the time alleged in the declaration; that the covering of said bridge was out of repair, and particularly, that one of the planks covering the bridge had been broken in two, and the place of the break covered over with a slab, and that it had been in this situation, for several months; and his horse stepped upon said plank, and his foot went down through said break, which caused him to spring violently, so that he leaped over the side of said bridge, and was, together with said wagon, precipated over the side of the bridge, and upon the rocks and into the stream below, and he himself thrown upon said bridge; and that thus the injuries complained of were occasioned.

The defendants offered evidence to prove that, about a year before said injuries were received, the selectmen of Barkhamsted contracted with the plaintiff to re-plank said bridge with good, sound, new oak plank; and that the plaintiff, upon sufficient consideration, undertook and contracted to remove the old plank from said bridge and to re-plank the same as aforesaid; that the plaintiff represented to said selectmen, that he had fulfilled said contract, and had received payment for the same; but that, in truth, the plaintiff never did fulfill said contract, but only re-planked said bridge in part; and that he used, in re-planking it, some of the old plank, formerly used thereon, which the defendants claimed were defective, by reason of which said horse broke through and leaped over the side of the bridge.

To the admission of the proof of said contract, and the breach thereof, in evidence, the plaintiff objected, and the court rejected the same, but decided that the defendants might prove, that the plaintiff, in covering and re-planking

said bridge, used defective plank, and that, by reason of said defective plank being so used, the plaintiff's horse stepped or broke through said bridge ; and the defendants thereupon introduced evidence conducing to prove the same.

And the plaintiff introduced evidence to prove, that he re-planked said bridge entirely with good, new oak plank, proper to be used for the same, and that the plank, thus broken, was a sound plank, and had, some months before said injuries were received, been broken, by the transportation of heavy loads of stone across said bridge.

The court charged the jury, that, if they found that the plaintiff himself wrongfully or improperly put defective plank, or other defective materials, into the covering of said bridge, by reason of which, in any essential degree, this in-jury was occasioned, and was thus essentially the author of his own misfortune, he could not recover. The jury, after consultation, returned into court and inquired whether, if they found a verdict for the plaintiff, they had a right, in the assessment of damages, to take into consideration the peril and danger to which the plaintiff was exposed, and whether they had a right to indemnify the plaintiff for his reasonable expenses in prosecuting the action. To which the court re-plied, that they had a right to consider all the circumstances of danger and peril attending the accident, but, in actions on this statute, unless there was evidence of wanton and will-ful neglect of duty, on the part of the town, that it would not be proper for them to give damages, for the purpose of indemnity against the expenses of litigation.

The jury returned a verdict in favor of the plaintiff, for three hundred dollars damages. The defendants then moved in arrest of judgment, for the insufficiency of the declara-tion. They also moved for a new trial, on the ground that the court erred, in rejecting the evidence, offered as aforesaid, and in the instructions given to the jury ; and the questions of law arising on both said motions, were reserved for the consideration and advice of this court.

*Goodwin* and *Hubbard*, for the motions, contended, 1. That the declaration is insufficient ; because, in each count, injury to the person, and also to the property, of the plaintiff, being distinct causes of action, on distinct sections of the statute, are united. This tends to confusion and embarrassment in assessing damages.

2. That the town had a right to prove a contract with the plaintiff, and that he represented to them, that he had fulfilled the same, whereas he had not so done. Had the defendants been permitted to resort to this, it would have constituted a complete defence. The court charged the jury, that, if the plaintiff had wrongfully put defective plank on the bridge, by reason whereof, the injury was, in any essential degree, occasioned, he could not recover. The defendants could not prove this to have been done *wrongfully*, without proving the stipulations of the contract.

3. That the charge, that in assessing damages, the jury might take into consideration the plaintiff's peril and danger, was erroneous. The damages, recoverable against a town, under the statute " concerning highways and bridges," are for the injury only to the person or property, and not on account of danger or peril. 1 Cush. R., 451. They are a recompense for an actual injury, with which they should be commensurate. 7 Mass. R., 256. 2 Green. Ev., 244. There is no averment of danger or peril, in the declaration.

*Sanford* and *Mills, contra,* contended, 1. That, if either count was good, the motion should not prevail ; and that the third count contained all the necessary allegations.

2. That proof of the contract, and of the breach thereof, was properly rejected. If the plaintiff's misconduct was, in any essential degree, the cause of his misfortune, he was not entitled to recover ; and *that* the court decided the defendants might prove.

3. That the jury were correctly instructed, that they might " take into consideration the circumstances of danger

and peril attending the accident." It is a rule, of universal application, that the jury must consider all the circumstances accompanying the event about which the suit is conversant. 2 Green. Ev., 245, n., 248, 249, n. 5 Day, 144. 13 Conn. R., 320.

STORRS, J. On the motion in arrest of judgment, in this case, the defendants object, that the declaration is bad, on the ground that, in each count, the injury to the person of the plaintiff is united with the injury to his property : which they claim can not properly be done, because the damages against towns for these several kinds of injury, are given by different sections of the act "concerning highways and bridges;" damages for the former injury being given by the fifth, and for the other, by the sixth section. This objection should not prevail. The claim of the defendants is, that where, in consequence of a negligent defect in a highway or bridge, one's person and property are injured at the same time, he must sue for them separately, and can not recover damages to both of them in one action, or, what in principle is the same, that he must insert a count in his declaration for each. Separate actions, in such cases, would be contrary to the immemorial practice, and to require them would produce a useless and burdensome multiplicity of suits, be opposed to the general principles of law, in regard to the dividing of claims growing out of the same transaction, and, in our opinion, would not be in accordance with a just construction of the statute. But, if the declaration were faulty in this respect, the objection is only one of duplicity, which is merely a defect of form, of which advantage must be taken by special demurrer. If different species of actions, or a different rule of damages, were prescribed for these two kinds of injury, the case might present another question ; but that is not the case. Judgment, therefore, should not be arrested.

The defendants next claim, that there should be a new trial : 1, because the judge below excluded proof of the con-

tract between the plaintiff and defendants, in relation to the repairing of the bridge, and the breach thereof; and, 2, because he instructed the jury, that, in the assessment of damages, they had a right to consider all the circumstances of danger and peril attending the accident.

1. As to the first ground, it appears by the motion, that, while the judge excluded evidence of the contract and its breach, he permitted the defendant to prove, that the plaintiff, in repairing the bridge, used defective plank, and that, by reason of their being so used and put into the covering of the bridge, the plaintiff's horse broke through it; and that he charged the jury, that if they found the plaintiff wrongfully or improperly put defective plank, or other defective materials, into the covering of the bridge, by reason of which, in any essential degree, the injury complained of was occasioned, and he was thus essentially the author of his own misfortune, he could not recover. We think that this was the correct course. The defendants could not, in this action, recover of the plaintiff, or set off any damages which they might have sustained, by reason of a breach of that contract by the plaintiff, nor could the fact that it was not fully performed by the plaintiff, constitute any defence to this suit; because the breach might have been in a particular which did not produce, or contribute to, the accident by which the injury was occasioned. Such breach, however, might have been one which did cause or contribute to that accident; as, for instance, the putting of defective plank in the covering of the bridge, in the manner claimed by the defendants. In that case, the placing of such defective plank there, being the act of the plaintiff himself, it could not be said to be owing to the negligence of the defendants, and therefore it would constitute a defence. It would, however, be a defence, not because this act of the plaintiff was a violation of a contract between him and the defendants, but because it would be the wrongful and improper conduct of the plain-

tiff himself, for the consequences of which he could not complain, whether there had existed any such contract between the parties or not, or whether the act was or was not a breach of it. It would be sufficient for the defendants to show, that the injury was occasioned in whole, or in any essential degree, by the act of the plaintiff himself. Whatever might be the terms of the contract, if they proved that fact, this defence would be made out; if they did not, it would fail. Hence, it is obvious, that proof of the existence, terms, or breach, of the contract, was entirely immaterial and irrelevant. The course taken by the judge below, in regard to the admission of the evidence, and the principle laid down by him, in the charge, was in precise accordance with these views.

The defendants insist that the court below, by submitting to the jury the question, whether the plaintiff *wrongfully* and *improperly* put defective plank or other defective materials into the covering of the bridge, required, or at least would be understood by the jury to require, them to find, whether there was a contract between the parties on the subject, and also, whether the plaintiff complied with its terms; and, therefore, that the defendants should have been permitted to prove the terms of the contract and its breach. We do not think that those adverbs were, or would be understood to be, used in reference to the existence or fulfillment of any contract between the parties, or that such is the fair import of the phrase used by the judge. There was no evidence of any contract before the jury; that topic could not with propriety, and presumably was not, commented on before the jury; there was nothing to lead them to suppose, that it was intended to be adverted to in the charge; and it is not, therefore, to be supposed that it entered into their deliberations.

The defendants further claim, that the evidence which was excluded, tended to prove that the plaintiff, by his representations to the defendants, that the contract was fulfilled,

designedly misled the latter into a belief, that such was the case, and thereby induced them to forego any further repairs upon the bridge, and that, under those circumstances, the plaintiff would be estopped from denying the truth of such representations. We are by no means prepared to say that, on that state of facts, it would be competent for the plaintiff to set up, that the injury complained of, was occasioned by the negligence of the defendants. But we do not think, that the motion shows, that the evidence offered, laid the foundation for this claim, or that it was distinctly or intelligibly made on the trial; and therefore, according to a well established rule of this court, a new trial ought not to be granted, on this ground.

2. The remaining question is, whether the judge below was correct in instructing the jury that, in the assessment of damages, they might consider the peril and danger to which the plaintiff was exposed, by the accident which produced the injury complained of. We think that this part of the charge was right. It embraced the peril to the person only of the plaintiff,—not to his property. It is not necessary to inquire, whether or how far, in an action like the present, vindictive or punitory damages are allowable. That the plaintiff is entitled to be compensated for his actual personal injury, there is, of course, no question : and that principle is sufficient to vindicate the charge, on this point. Such actual injury is not confined to the wounds and bruises upon his body, but extends to his mental suffering. His mind is no less a part of his person than his body : and the sufferings of the former are oftentimes more acute and also more lasting than those of the latter. Indeed, the sufferings of each, frequently, if not usually, are reciprocally on the other. The dismay, and the consequent shock to the feelings, which is produced by the danger attending a personal injury, not only aggravate it, but are frequently so appalling as to suspend the reason and disable a person from warding it off; and to say, that it does not enter into the

character and extent of the actual injury, and form a part of it, would be " an affront to common sense."

For these reasons, the judgment should not be arrested, nor a new trial granted.

In this opinion, the other judges concurred, except CHURCH, C. J., who, having heard the cause in the court below, was disqualified.

New trial not to be granted.