## NICHOLAS MASTERS *vs.* TOWN OF WARREN.

A deposition was offered in evidence by a defendant, the only notice of the taking of which given to the plaintiff was a written notice left at his house on Saturday afternoon in his absence, that the deposition would be taken on the Monday following at two o'clock in the afternoon, at the house of the witness, about two miles distant. The plaintiff returned home on Saturday evening and received the notice, but was in feeble health, and unable without his counsel to examine the witness. At the time of the taking, the counsel of both parties were engaged in the trial of another cause in the superior court, and no one attended on the part of the plaintiff. The witness whose deposition was taken was too unwell to attend court, but had been confined to the house for nearly three months previous, and for some time before the commencement of the session of the court, and no reason was shown why the deposition could not have been taken earlier. The superior court rejected the deposition, on the ground that sufficient notice of its taking had not been given. Held that such rejection furnished in the circumstances no ground for the granting of a new trial, especially as the court could see that the deposition was not an important one, and if admitted could not properly have affected the verdict.

It is no error for a judge in his charge to the jury to state facts not connected

Masters *v.* Town of Warren.

with the case and not proved on the trial, and understood to be such, for the purpose of illustrating points in the case on trial.

In an action for an injury to the person of the plaintiff, through the negligence of the defendant, the jury in estimating the damages may take into consideration the anxiety and mental suffering of the plaintiff at the time of the occurrence of the injury, naturally incident to the risk and danger of the occasion.

In an action against a town for an injury occasioned by a defect in a bridge, the judge charged the jury that to render the defendants liable it must appear that the defect resulted from their neglect or omission of duty, but that if there was no neglect or omission on their part and the defect was one which they did not cause, and which they had no knowledge of, and no reason to suspect, and one which they could not have ascertained by reasonable or ordinary care, they were not liable. Held that such instruction was correct.

ACTION brought on the statute concerning Highways and Bridges, (Rev. Stat., tit. 24, § 5,) for an injury sustained by reason of a defect in a bridge in the town of Warren, which it was the duty of the town to keep in repair.

The plaintiff was crossing the bridge on horseback, when his horse fell through a defective place in it, throwing him upon the planks of the bridge with great violence, and hurting his head and neck so severely as to cause his life to be for a time despaired of, and to permanently cripple and disfigure him.

Upon the trial of the cause to the jury in the superior court, the defendants offered in evidence the deposition of Lucy M. Shove, to which the plaintiff objected on the ground that sufficient notice had not been given of the taking thereof. The deposition was taken at the house of the deponent on Monday, Nov. 9, 1859, at two o'clock in the afternoon. A notice of the time and place of the taking was served upon the plaintiff by leaving, on the afternoon of the Saturday previous, an attested copy thereof at his place of abode, which was about two miles distant from the house of the deponent. The plaintiff was absent from home when the copy was left and did not receive it until he returned in the evening of Saturday. No notice was served on his counsel, and at the time of the taking of the deposition the counsel of both parties were engaged in the trial of another cause in the superior court, which was then in session. The agent of

the defendants appeared at the taking, but neither the plaintiff, who was infirm and incompetent to conduct the examination, nor any one on his behalf, appeared, nor did it appear that he could have found any one to assist him. The reason assigned for taking the deposition was that the deponent was in an uncertain state of health and unable to attend court, and it appeared that she had been confined to her house most of the time since the preceding August. The court sustained the objection and rejected the deposition.

The court, in charging the jury, and in speaking to them respecting the well known danger of a blow upon the neck, remarked,—" A few days since, during the trial of his case, a noble boy in my neighborhood, the chief dependence of his mother, who is a widow, was instantly killed by falling a short distance and striking on his neck. This occurrence has, of course, no bearing on the case before you, and I only allude to it, incidentally, as having just directed my own attention to the subject."

The court further charged the jury that if they found the issue for the plaintiff, they should render a verdict for what they should consider just damages under all the circumstances, and that they might take into consideration, not only the personal injury and the pain consequent upon it, but the mental anxiety and suffering naturally resulting from it, and from the feeling of the terrible risk of life attending it.

The defendants requested the court to charge the jury that, if they had used common and reasonable diligence to keep the bridge in repair, they were not liable for a secret defect, which by the exercise of such diligence they had failed to discover. The court instructed the jury, that to enable the plaintiff to recover it must be proved that the injury arose from a defect or insufficiency of the bridge which it was the duty of the defendants to keep in repair, and that this defect or insufficiency resulted from some omission or neglect of duty on the part of the defendants; that if there was no such omission or neglect, but the defect was a secret one which the defendants did not cause, which they had no knowledge of and no just reason to suspect, and which they could not

have ascertained by reasonable or ordinary care, they were not liable.

The jury rendered a verdict for the plaintiff for the sum of $3,500 and his costs. The defendants filed a motion for a new trial, for error in rejecting the deposition and in the charge of the court.

*Hubbard* and *N. J. Buel,* (with whom was *E. W. Seymour,*) in support of the motion.

1. The deposition of Lucy M. Shove was improperly rejected. The notice was amply sufficient. The plaintiff lived only two miles from the place of caption, and had two whole days notice,—a sufficient time to consult his counsel or employ some one to attend at the taking. At least he could have attended and asked a postponement. That the superior court was in session and the counsel engaged in the trial of another cause when the deposition was taken is no cause for its rejection, for the witness was unexpectedly unable to attend court and the defendants were acting under a necessity. Besides, depositions must be taken in term time if at all, as the courts of this county are in continuous session from the second Tuesday of September to the first of May annually. The facts attending the taking of the deposition are detailed in the motion, and from them the court below drew an incorrect inference, which this court can and ought to review and set aside. *Dagget* v. *Tallman,* 8 Conn., 168. *Sharp* v. *Lockwood,* 12 id., 155. *Lyon* v. *Ely,* 24 id., 507. *Vinal* v. *Burrill,* 16 Pick., 401. *Allen* v. *Perkins,* 17 id., 369.

2. The damages in the case were excessive and unjust, for it no where appears that the defendants were guilty of willful neglect. The amount of the damages was enhanced by the improper relation, by the judge, of a tragic anecdote, calculated to excite the sensibilities of the jury and prejudice them in favor of the plaintiff. Though a judge in charging a jury is authorized to make such observations on the evidence as he may think proper, yet these observations must be confined to the evidence in the case, and the office of imparting information upon that evidence. He has no right to introduce

startling instances of serious accidents occasioned by similar occurrences, in such a manner as to induce the jury to render a verdict in favor of one party to the injury of another, or so as to enhance the damages. The verdict shows the jury were influenced by the anecdote. Its relation was without precedent, and such a practice should not be sustained by this court. It also introduced a new point in the case, "the well known danger of a blow upon the neck," and was a vivid illustration of it, and on this ground the plaintiffs are entitled to a new trial. *Maynard* v. *Hunt,* 5 Pick., 240. *Slater* v. *Dawson,* 1 Met., 450.

3. The charge of the court that the jury could, in estimating damages, take into consideration not only the personal injury but the mental anxiety and suffering resulting from it, and from the feeling of the terrible risk of life attending it, was erroneous. The peril and danger of an accident at the time of its occurrence may be considered in assessing damages, and this is what is decided in *Segur* v. *Barkhamsted,* 22 Conn., 293, but mental suffering is no part of an actionable injury, unless the act causing the injury was willfully done. 2 Greenl. Ev., § 268. *Flemington* v. *Smithers,* 2 C. & P. 292.

4. The court erred in charging the jury in regard to the degree of care required of the defendants. It told the jury that they must find some omission or neglect of duty on the part of the defendants, but did not define what their duty was, nor what degree of care they should exercise, and so left it to the jury as to give them the idea that had the defendants specially searched for a secret defect in the bridge, which they had no reason to suspect, and of which they had no knowledge, and had not found it, they were not liable, but that otherwise they were.

*Hollister* and *Graves,* contra.

1. The deposition was properly rejected. The notice was not, under the circumstances, a reasonable one. Besides, the question was one addressing itself to the discretion of the court below, which can not be reviewed here. If the deposi-

tion had been received it could not have affected the result in any manner, and the court will not grant a new trial for an immaterial error.

2. The relation of the anecdote in the charge to the jury had no influence on their minds, because they were expressly told that it had no bearing on the case, and was used merely because the mind of the judge had just been directed to the danger of receiving a blow on the neck. Such incidents have often been related by judges in their charges to juries as illustrations of some point before them, and have never been held to be a ground for granting a new trial.

3. The charge as to damages was unexceptionable. The jury could only understand by it that they were to give just damages according to the circumstances, and that they might consider the peril of life, and the mental injury or anxiety at the time of the occurrence and attending the transaction. This is the fair and ordinary meaning of the language used, and the jury can not be presumed to have put upon it another and forced construction to the injury of the defendants. The charge of the court is fully sustained by the case of *Segur* v. *Barkhamsted*, 22 Conn., 290.

4. The damages are not excessive but are entirely inadequate to compensate for the injury sustained by the plaintiff, who is crippled for life.

5. The charge as to the defendants' liability for the defect in the bridge was all that the defendants could ask, and is sanctioned by this court in *Beecher* v. *Derby Bridge Co.*, 24 Conn., 491.

ELLSWORTH, J. There is but a single objection to the proceedings below worthy of consideration, and that is the rejection of Lucy M. Shove's deposition. This has been the subject of much consideration with us, and although we have concluded, in the circumstances, to let the verdict stand, we do not mean to express an entire approval of the claim made by the plaintiff's counsel with regard to it.

The question, at the time, addressed itself in some measure to the sound discretion of the judge, yet it was a discretion

Masters *v.* Town of Warren.

to be exercised according to the rules of law, and therefore his decision may be reviewed in this court; but after all we may ourselves consider the question in all its relations, and to this end may look at the deposition itself, and inquire if it could properly have had any influence upon the jury.

It is scarcely possible for us to appreciate all the circumstances which at the moment pressed upon the mind of the judge when he refused the reading of the deposition. It is certain that the defendants were bound to satisfy the mind of the judge that it was taken in conformity to law and fairly taken, since the deponent lived within twenty miles of the place of trial, and should, if able, have appeared in court.

Now it appears that the deponent had been unwell, and mostly confined to her bed, since the preceding August, some three months. The term had already commenced. The plaintiff's attorneys were known to be occupied in court, and could not have attended if notified. The plaintiff himself was feeble and unfit to attend to the business, and did not in fact attend. He got notice on Saturday evening, that the deposition would be taken at two o'clock on Monday afternoon. We will not say that the time was in itself insufficient, as the distance to the house of the deponent was not great, but certainly there was not any time to spare. We ask, why was this matter delayed to so late, I may perhaps say, so extremely late a day, if every thing was fairly intended. If it had appeared that the defendants had just come to the knowledge of the testimony or of the inability of the witness to attend the trial in person, they would have done something towards removing the appearance of a design to take an unfair advantage of the plaintiff. This they could have shown if the fact had been so, and we think they should have done it. On the whole, we think the defendants can not justly complain of the ruling of the judge. We are quite satisfied too, that the deposition, if admitted, would not in any degree have affected the verdict.

The next objection is that the judge in his charge narrated a recent incident of a like character with the one on trial, which had happened in his own neighborhood, which narra-

tion the defendants insist was calculated to make an improper impression upon the minds of the jury. The objection is substantially that the judge stated a fact which had not been sworn to on the trial. But it was not stated as a fact belonging to the case, and was presented only for the purpose of illustration. This is a common practice in our courts. No intelligent juror can be deceived by such illustrations. And whether the judge, in commenting upon the facts of the case, has made use of too strong language, or has gone too far in using, by way of illustration, historical or personal incidents of a kindred character to those on trial, is not for us to say. He has a right to illustrate his views as he pleases, and a rule requiring that a rigid criticism should be applied to such expressions, would impose upon the judge an unreasonable restraint, and lead to great inconvenience.

The question whether the jury may take into consideration, in estimating the damages in such a case as this, the mental sufferings of the plaintiff, naturally incident to the risk and danger, at the time of the injury, (as we understand the motion,) is settled in the affirmative by this court in the case of *Segur* v. *Barkhamsted,* 22 Conn., 290.

It is again said that the judge improperly omitted to give any exact rule to the jury as to the kind or degree of care which, if exercised, would exculpate the defendants in case of secret defects in their bridges. We think the defendants are mistaken in their view of the charge. The judge laid down the rule that reasonable and ordinary care was necessary, and this is the true rule.

We do not advise a new trial.

In this opinion the other judges concurred.

New trial not advised.