## FRANK F. JOHNSON, RESPONDENT, *v.* WELLS, FARGO & CO., APPELLANT.

PRACTICE ACT, SEC. 332—STATEMENT ON APPEAL FROM ORDER. The word "order," in section three hundred and thirty-two of the Practice Act, providing for a statement on appeal from a judgment or order, does not refer to the ordinary order upon a motion for new trial.

STATEMENT ON APPEAL FROM NEW TRIAL ORDER. On appeal from an order granting or refusing a new trial, any matter properly pertaining to such order, except it may have arisen subsequent to the notice for the motion, may be considered without any other statement than that used on the motion for new trial.

WAIVER OF WAIVER — TIME TO MAKE STATEMENT ON APPEAL. A failure to make a statement on appeal within twenty days after the entry of judgment is equivalent to a waiver of such statement; but such waiver may be itself waived; and a stipulation that the statement on new trial shall be also the statement on appeal, though made more than twenty days after judgment, is such a waiver.

PRESUMPTION THAT JURIES FOLLOW INSTRUCTIONS. The presumption in all cases of jury trials is that the jury apply the law as given by the Court, and upon such law and the evidence render their verdict; and no appellate Court can decide the effect of the one separate from the other.

BODILY SUFFERING AS SOURCE OF DAMAGE. Though it is difficult to conceive how bodily pain and suffering can be estimated in dollars and cents, yet it is well settled that a recovery can be had for them as damages, in actions against passenger carriers for personal injuries occasioned by negligence.

PAIN OF MIND AS AN ELEMENT OF DAMAGE. In an action against a passenger carrier for personal injuries, occasioned by the breaking down of a stage coach, it is error to instruct the jury in estimating damages to take into consideration plaintiff's "pain of mind," as distinct from his bodily suffering.

COMPENSATORY DISTINCT FROM PUNITIVE DAMAGES. In actions against passenger carriers for personal injuries occasioned by their negligence, the rule of damages is based upon the idea of compensation and not of punishment.

DAMAGES AGAINST PASSENGER CARRIERS FOR NEGLIGENCE STRICTLY COMPENSATORY. The only damages that can be recovered in an action against a passenger carrier for personal injuries occasioned by negligence are strictly compensatory, including damages for bodily pain, and so much only of mental suffering as may be indivisibly connected therewith.

"CHARACTER" OF INJURED PERSON NOT INVOLVED IN SUIT FOR NEGLIGENCE. In an action against a passenger carrier for personal injuries caused by negligence, the character of plaintiff cannot be considered as an element of calculation, in estimating the amount of damages; and an instruction submitting it to the jury for such purpose is error.

APPEAL from the District Court of the Eighth Judicial District, White Pine County.

Plaintiff was a passenger in one of defendant's coaches running from Elko to Hamilton, in March, 1869. On the way and near Jacob's Wells, it was discovered that one of the axles had heated; and upon the wheel being taken off, to pour water upon the spindle, the driver remarked that he was afraid the axle would "weld" before the coach could reach Newark, eleven miles distant, where he could change for another coach. Upon arriving at Newark it appeared that the other coach needed some slight repairs, whereupon the driver determined to drive on the coach with the heated axle, and made some remark about going through ahead of Lew. Wines',

which had just then arrived at Newark. After some further attempts to cool the axle, the coach started forward again, and soon afterwards the axle snapped and the coach toppled over, throwing a large iron casting upon plaintiff's knee, and occasioning bruises and injuries to his head, hip and spine. After the break, the driver returned to Newark, and in the course of an hour the other coach was repaired, with which the passengers were carried to Hamilton.

*Garber & Thornton* and *A. C. Ellis*, for Appellant.

I. A man's character is not directly or remotely involved, nor should it in anywise be taken into consideration by a jury in making up a verdict upon a question of damages from injury to the person. A man with a bad character can suffer as much bodily pain from an injury to the person, as a man with a good character. But here the jury were told that they might speculate as to the probabilities of plaintiff's enjoying a lucrative business, or finding employment in consequence of his character as a business man, and of the surroundings at the time of the injury or thereafter : this was error. (31 Mo. 117 ; 5 Minn. 440 ; 11 Ind. 552.)

II. The jury were told that they should consider, in connection with the character of plaintiff, his pain of mind, the anguish he might have suffered in consequence of some disappointment in business, or some failure to realize a hope he had cherished : this was error. (2 Greenleaf Ev. 267 and cases cited.)

*Thomas P. Hawley*, for Respondent.

I. The error complained of should not be considered, because no statement on appeal was filed or served within twenty days after the motion for new trial was overruled. It is true, it was stipulated that the statement on motion for new trial might be used and referred to with like effect as if it had been filed and settled as a statement on appeal ; but it could not take effect as a statement on appeal until the signing and filing of the stipulation ; and this not being within the time limited by the statute, the statement on appeal should not be considered by the appellate Court. (*Ryan v. Dougherty*, 30 Cal. 221 ; *Harper v. Miner*, 27 Cal. 114.)

II.   Damages sustained from pain of mind are not special in their character.   The plaintiff is entitled to recover all damages arising from the attendant circumstances of the principal transaction, and the natural results flowing therefrom.   Mental anguish necessarily follows from bodily sufferings, and is the natural result of an injury to the person.   It is a part and parcel of the actual injury, for which the party injured is entitled to compensation in damages.   It is damage just as necessarily arising from the injury as loss of time or expenditure of money.   (*Fairchild* v. *Cal. Stage Co.*, 13 Cal. 601; *Ransom* v. *N. Y. & Erie R. R. Co.*, 15 N. Y. 416; *Morse* v. *Auburn & S. R. R. Co.*, 10 Barb. 623; *Curtis* v. *Rochester & S. R. R. Co.*, 10 Barb. 291; 18 N. Y. 542; *Williams* v. *Vanderbilt*, 28 N. Y. 224; *Canning* v. *Inhabitants, etc.*, 1 Cush. 452.)

III.   The word " character," as used in the instruction, applied to physical health, and was there used to distinguish the difference as to plaintiff's character *before* and *after* the injury.   The jury was simply instructed to consider what character of a man plaintiff was before the injury, as to being sound and strong, able to do and perform manual labor without mental pain or bodily sufferings, and what character of a man he was after the injury, as to being crippled, unable to pursue his usual avocation, and deprived of the use of his limbs.   Such were the character and business of the plaintiff that the jury were to " take into consideration."   No other construction could reasonably be given to the meaning of the word " character " under all the facts and circumstances; no evidence was offered in reference to his moral or intellectual character, or in regard to his skill or learning in any branch of business.   And if the word had been used in that sense, it would have no bearing on the case, and could not possibly have misled the jury, or had any effect whatever beyond their verdict.

IV.   A verdict will not be set aside because of misdirection in any immaterial matter, or where a charge has, though erroneous, no bearing on the issues.   (*Honer* v. *Wood*, 16 Barb. 391; *Alston* v. *Jones*, 17 Barb. 276; *Garden* v. *Clark*, 17 Barb. 538; *Wood* v. *Gibbs*, 35 Miss. 559; *Eyser* v. *Weissjaba*, 2 Clarke, 463; *Western Stage Co.* v. *Walker*, 2 Clarke, 504.)

V.   The case was fairly submitted to the jury, and tried upon its merits.   In such a case, it would amount to a denial of justice to grant a new trial upon the ground that the Court gave an erroneous instruction upon a point wholly immaterial, having no relevancy or bearing in the case, and in regard to which no testimony was offered.

By the Court, WHITMAN, J. :

The respondent objects to a consideration of this appeal because it is said there is no statement on appeal.

There is a statement on motion for new trial.   The appeal is taken from an order denying the motion, and from the judgment. In addition, there is a stipulation to this effect:   " It is stipulated in the above action that the statement on motion for new trial herein, as on file and settled, shall be also the statement on appeal, and may be used and referred to with like effect as if the same had been duly filed and settled as a statement on appeal herein."

This stipulation was not made until twenty-four days after the order denying the motion for new trial, and the form of objection to the consideration of the statement is, that " no statement on appeal was filed or served within twenty days after the motion for new trial was overruled," citing the statute as follows:   " When the party who has the right to appeal wishes a statement of the case to be annexed to the record of the judgment or order, he shall within twenty days after the entry of such judgment or order prepare such statement."   (Statutes of 1869, 248, Sec. 332.)

That the word order as used in the section quoted has no reference to an order made upon a motion for new trial, (except when a statement becomes necessary in order to present some matter properly to be reviewed upon an appeal from an order granting or refusing a new trial, which could not be included in the statement upon the motion therefor) is evident from another portion of the same statute reading thus :   " The statement thus used (on motion for new trial) in connection with such pleadings, depositions, documentary evidence on file, testimony taken by a reporter, and minutes of the Court as are read or referred to on the hearing,

shall constitute without further statement the papers to be used on appeal upon the order granting or refusing a new trial." * * * (Statutes 1869, 227, Sec. 197.)

Thus it will be seen that any matter properly pertaining to such order, (except it may have arisen subsequent to the notice for the motion) or arising upon the pleadings, may be considered by this Court without other statement than the one contained in the transcript, and such was the holding before the enactment of the specific statutory provision. (*Bryant* v. *The Carson River Lumbering Company*, 3 Nev. 314.)

If, however, there was any necessity for considering the statement in the record, as a statement on appeal, distinct from its statutory office as a statement on new trial, the stipulation would allow it; for although by failure to make the statement within twenty days after the entry of the judgment, appellant would in the absence of any agreement to the contrary be held to have waived the same, (Statutes of 1869, 248, Sec. 333) yet such waiver could be waived by the opposite party in any case ; and has been so here, if there is any meaning or force in language. No such necessity, however, arises here, as the only substantial objection taken on appeal is upon the single ground of misdirection to the jury in a certain instruction given.

The action was against the appellant, a corporation, as a passenger carrier, for personal injury to respondent arising from the negligence of appellant in furnishing an unsafe coach for transportation, by the breaking down of which the injury complained of was caused. The jury rendered a verdict in respondent's favor, for forty-five hundred and twenty-five dollars, and there is no reason for disturbing it, unless they took into consideration improper elements for its formation. It is urged by respondent that the verdict should not be set aside " because of the misdirection by the Judge, if it appear that the result would have been the same, regardless of the misdirection, or when the verdict is warranted by the evidence."

The jury must be governed by both law, and evidence, the latter as detailed by witnesses, the former as given by the Court; and no appellate Court can decide the effect of the one separate from

the other, the presumption being in all cases that the jury apply the law as given, and upon the law and evidence render their verdict.

Again, it is urged, " the erroneous charge of a Judge having *no bearing* on the issues, should be disregarded on a motion for new trial," and " the giving of an instruction inapplicable to the evidence is not a fatal error for which a new trial will be granted." Within proper bounds, and in cases perfectly clear, these propositions are true, but they do not touch this case, as will be seen by the recital of the instruction complained of, which was vital to the case, and if wrong, must necessarily have misled the jury.

Here it is :

" In estimating damages the jury should take into consideration the bodily suffering of the plaintiff, his pain of mind, his character, and his business, also all expenses, if any, incurred on account of the injuries he received, and the employment of physicians, and nurses, medicines and board, and also whether the injuries are likely to be permanent."

The law is well settled that in an action like the present, a plaintiff may recover for bodily suffering ; though were it a new question, it may well be doubted whether any satisfactory reason could be given for the rule, upon the received theory of the action, which is purely compensation for the injury ; as it is difficult to conceive how bodily pain or suffering can be estimated in dollars and cents. Such, however, is the undoubted rule upon authority.

Omitting the words, " his pain of mind, his character," the remainder of the instruction states the law correctly, and was applicable to the pleadings and evidence in this case. Whether these words should have been used is the question here, as they present two distinct elements of damage for the consideration of the jury, and must be supposed to have influenced the amount of the verdict more or less—how much or how little it is impossible to tell.

Of course, there can be no bodily suffering without pain of mind, and to that extent pain of mind is a proper subject for compensation ; but in such consideration there is no subdivision. The proposition here is, that as a distinct and separate cause of damage such pain may be estimated. In the authorities there is an appa-

rent confusion, but more apparent than real.   Mr. Mayne says:
" Pain and suffering undergone by the plaintiff are also a ground
of damage."   (Mayne on the Law of Damages, 264.)   This lan-
guage is very general, and the only citation in its support is the
case of *Blake* v. *Midland Railway Co.*, 18 Q. B. 111, (A. & E.
110.)   That action was brought by a widow on the death of her
husband, and Coleridge, J., deciding that in such a case mental
anguish could not be considered, utters the following dictum:
" When an action is brought by an individual for a personal wrong,
the jury in assessing the damages can with little difficulty award ·
him a *solatium* for his mental sufferings alone, with an indemnity
for his pecuniary loss."   This decides nothing, although the dictum
of a wise Judge.

The rule is stated in a recent work as follows : '  " In an action
for negligent injury to the person of the plaintiff he may recover .
*    *    *    a fair compensation for the physical and mental suffer-
ing caused by the injury."   Upon the word " mental " is this note :
" The jury in estimating the damages may take into consideration
the anxiety and mental suffering of the plaintiff at the time of the .
occurrence of the injury, naturally incident to the risk and danger
of the occasion."   " The mental suffering and anxiety caused by
the apprehension of danger, or by efforts to escape from the conse-
quences of the injury, may be considered by the jury."   Shear-
man & Redfield on Negligence, 662–3, Sec. 606.)   To maintain
these propositions three cases are cited, two from Connecticut and
one from Massachusetts.

The case of *Masters* v. *Warren*, 27 Conn. 293, is simply
affirmatory of *Seger* v. *Burkhamsted*, 22 Conn. 298, so it will be
sufficient to quote the language of the latter, which is to this effect :
" Such actual injury is not confined to the wounds and bruises upon
his body, but extends to his mental suffering.   His mind is no less
a part of his person than his body ; and the sufferings of the former
are oftentimes more acute and also more lasting than of the latter.
Indeed, the sufferings of each ;*frequently, if not usually, are (act ?)
reciprocally on the other.*   The dismay and consequent shock to
the feelings which is produced by the danger attending a personal
injury, not only aggravate it, but are frequently so appalling as to

suspend the reason and disable a person from warding it off; and to say that it does not enter into the character and extent of the actual injury, and form a part of it, would be an affront to common sense.

In the Massachusetts case, Metcalf, J., says: " The argument for the defendant assumes that the plaintiff sustained no injury in his person, within the meaning of the statute, but merely incurred risk and peril which caused fright and mental suffering. *If such were the fact, the verdict would be contrary to law.* But we must suppose that the jury, under the instruction given to them, found that the plaintiff received an injury in his person—a bodily injury— and that they did not return their verdict for damages sustained by mere mental suffering caused by the risk and peril which he incurred. And though that bodily injury may have been very small, yet if it was a ground of action within the statute, and caused mental suffering to the plaintiff, that suffering was a part of the injury for which he was entitled to damages." (*Canning* v. *Williamstown*, 1 Cush. 452.)

Upon a close examination of the facts and full opinion in the cases cited, it will appear that the mental suffering allowed for therein was that preceding and at the time of the injury. So that they do not go so far, nor make the allowance so general, as the instruction in the present case; but even thus restricted, they introduce an element dangerous, because purely imaginative. How can such damages be estimated in money ? (The mental agony of a timid woman would be entirely different from that of a bold man. No two cases could be weighed in like scales. To properly estimate such a cause of damage, the door must be opened to the realms of philosophy, physiology, and psychology.) Again, the cases do not cohere. Connecticut says the " mind is no less a part of the person than the body," and hence there need be no bodily injury to allow a recovery; but Massachusetts says, there must be some bodily injury upon which to base the action.

As the object here is to trace this rule, if rule there be, allowing damages for mental pain, and to ascertain if possible its basis, and to consider if that be sound; note in this connection, that the Hon. Isaac T. Redfield, in a work equally recent, states the rule

thus : " But it has always been held in this country, that the bodily pain and suffering caused by an injury for which one party is legally entitled to claim compensation of the other, were legitimate elements, to be proved and considered by the jury in estimating the pecuniary compensation which they shall award, notwithstanding the difficulty of reducing pain and pence to a common measure." " In actions against carriers of passengers for injuries, there seem, as we have said, to be no well defined rules for estimating damages. It is a matter to be submitted to the sound discretion and judgment of the jury, who are to consider the *actual loss* to the plaintiff, present and prospective, which is the very lowest amount they will feel justified in giving in any case. Beyond this, any rule for damages must be regarded as more or less *terra incognita.*" (Redfield on Carriers, Sec. 431, 433.)

Here, it will be seen, the author ignores mental pain as any separate and distinct element of damage. He reiterates the same doctrine in another work. (Redfield on the Law of Railways, 222.)

Mr. Sedgwick says : " The damages for a personal injury in cases of simple trespass, free from malice, or of simple negligence, (where the rule seems to be the same) should, as far as a money standard is applicable, be such as to compensate the injured party for such loss of time, medicine and other expenses, physical pain, and as it seems also mental distress, as are fairly and reasonably the plain consequences to him of the injury." * * * " The latter element of compensation is very clearly justified by the decisions in the State of Connecticut, which hold that the plaintiff is entitled to a pecuniary equivalent for the apprehensions and anguish of mind naturally excited by the risk and danger at the time of the injury." (*Seger v. Barkhamsted,* 22 Conn. 290 ; *Masters v. Town of Warren,* 27 Conn. 293 ; *Lawrence v. Housatonic R. R. Co.,* 29 Conn. 390.)

So also in Maine, (*Mason v. The Inhabitants of Ellsworth,* 32 Maine, 271.) And in California, (*Fairchild v. Cal. Stage Co.,* 13 Cal. 599.) So in a very late case, the Supreme Court of the United States say that in these actions " there can be no fixed measure of compensation for the pain and anguish of body and mind, nor for the loss of time and care in business, or the permanent injury to health and body." (*Illinois Central R. R. Co.* v. *Bar-*

*ron,* 5 Wallace, 90 ; Sedgwick on Damages, 648, note.) It will be seen that the author takes the same view of the scope of the Connecticut cases as has been hereinbefore expressed.

The Maine case does not sustain the text, as Howard, J., there says : " The jury were instructed that in their assessment of the damage, they should compensate the plaintiff for his suffering of bodily pain. We consider that ruling to be correct, and that it is in harmony with the decisions in this and in other States, and that it is now the settled doctrine". (*Verrill* v. *Minot,* 31 Maine, 299.) Tenney, J. : " It has been settled in *Verrill* v. *Minot,* that such an allowance is proper." The objection was that " the instruction that the jury should compensate for bodily pain was erroneous."

Turning to *Verrill* v. *Minot,* we find the same state of facts ; the objection being that " the bodily pain was not a legitimate item of damage. There is no standard to compute by. The allowance of it arose from assimilating the suffering to that in slander." To which the Court replies : " The statute allows a recovery for ' bodily injury.' That is something else than loss of time and expenses. Pain is a part of bodily injury inherent in it. Though difficult to admeasure and assess, the injured party is entitled to recover for it. It must be confided to the sound discretion of the jury." Thus it appears that the rule in Maine is precisely the same intimated heretofore in this decision.

In *Fairchild* v. *Cal. Stage Co.,* 13 Cal. 599, this important question is thus curtly settled : " The fourth instruction is objected to because it asserts that the plaintiff, if entitled to recover, may recover damages for ' mental anguish.' We cannot see why compensation should not as well be given for pain of mind, as pain of body." Counsel in the case, in support of the instruction, cite only the oft repeated case of 22 Connecticut.

In the Supreme Court of the United States, it is said argumentatively solely, in an action for damages in the death of a party ; that, " If the suit is brought by the party, there can be no fixed measure of compensation for the pain and anguish of body and mind, nor for the loss of time and care in business, or the permanent injury to health and body." (*R. R. Co.* v. *Barron,* 5 Wallace, 90.)

When it appears, as has been shown, that the author's text depends entirely upon a dictum of the Supreme Court of the United States and the cases from Connecticut, it is not surprising that he guardedly says, " And as it seems also mental distress" : there is no warrant for putting it any stronger, if so strongly.

Counsel for respondent in support of the instruction cites some of the cases already referred to, and several others, none of which, however, even apparently support the point under discussion except that of *Ransom* v. *The N. Y. & Erie R. R. Co.*, 15 N. Y. 415, and there the question did not arise, as will been seen by reference to the instruction, which was that " the plaintiff was entitled to recover the necessary expenses he had incurred for nursing and medical aid, for the bodily pain and suffering resulting from the injuries," * * * and the exception was, " to that part of the charge in which the Judge stated that the jury might award damages to the plaintiff for his bodily pain and suffering." The case in 10 Barbour, relied on by the Court in 15 New York, and by counsel in this case, is certainly against their position ; for the Court there says, " exemplary or punitory damages, or smart money, as they are sometimes called, are given by way of punishment for intentional wrong, and to operate as an example to others. The law in such cases looks beyond the act and its injurious consequences to the motives, and metes out its punishment to that also. In such cases, the compensation for the actual pecuniary damage is rather subsidiary and incidental. There, the mental suffering, the injured feelings, the sense of injustice, of wrong or insult on the part of the sufferer, enter largely into the account, and the measure of justice is graduated by that of the offender's turpitude. Here the damages are strictly compensatory for the actual injury, of which the bodily pain and suffering were an essential part. Nothing was authorized to be allowed by way of punishment or example, in reference to motives, or by way of compensation for the trouble of seeking redress." (*Morse* v. *Auburn & Syracuse R. R. Co.*, 10 Barb. 625.) Here the rule is correctly stated as laid down by Greenleaf. " Injuries to the person or to the reputation consist in the pain inflicted, whether bodily or mental, and in the expenses and loss of property which they occa-

sion. The jury, therefore, in the estimation of damages, are to consider not only the direct expenses incurred by the plaintiff, but the loss of his time, his bodily sufferings, and if the injury was willful, his mental agony also." (2 Greenleaf Ev. Sec. 267.)

It is safe to say, that no well-considered case can be found to support the instruction in the present. Where damages have been allowed for mental pain as an element of damage distinct from bodily suffering, it will be found that it was for mental agony at the time of the accident; and the authority to support that allowance is so slight that it is unsafe to follow.

Many cases will be found where language has been used seemingly warranting the instruction under consideration; but upon a careful review, it will be seen that the expressions either were purely dicta, or else were unwarranted by the facts or law given the jury, or were uttered upon the theory that something other than compensation should be recovered.

Look at the cases : (and in those before cited with those now to be, all are included which a tolerably extended examination has been able to find.) The California case has already been noticed ; a similar one exists in Maryland. In response to an objection to an instruction, directing the jury in estimating plaintiff's damages to consider " the physical and mental suffering he sustained by such injury," the Court says : " There was no error in the instruction given under the plaintiff's third prayer." Only that and nothing more ! And in the same opinion the section of Greenleaf just quoted is cited with approval, the Court ignoring or overlooking in its decision the word " willful." (Stockton v. Frey, 4 Gill. 406.)

In Pennsylvania, the instruction of the Court of Common Pleas was, that " The pain and personal affliction, incident to the injury, were to be compensated in damages" ; and the Supreme Court says : " It is undoubtedly true, that in some actions for personal injuries, juries in estimating the damages are to take into consideration the personal suffering caused by the wrong." So are the decisions. In cases of libel or slander, of willful torts to the person, and in cases of negligence other than those that are breaches of contract, in cases of negligence which causes a personal injury, it

has often been held that a jury may take into consideration the bodily and mental pain attendant on the injury. It must be admitted that it is no more possible to determine the pecuniary value of pain, in this class of cases, than in such a one as we now have before us. But such actions are not remedies sought for broken contracts. The wrongs complained of bear a nearer resemblance to a public offense. In assessing damages in such actions, juries are always allowed a larger license than in actions on contracts, and with some reason. In this State, at least, it seems to be the doctrine, that the circumstances attending such injuries may warrant an assessment of damages beyond those that are merely compensatory. It might well be, therefore, that a different rule should be applied to them from that which should be applied in suits in broken contracts. Yet it is not to be denied that the authorities recognize no such difference. In this State, the question has never directly arisen; but I know of no decision anywhere, that a passenger personally injured by the neglect of a carrier to transport him safely, has been denied compensation for the pain caused by the injury. Such compensation is denied to one who sues for injury to his relative rights; but the immediate sufferer has been held entitled to it, whenever the question has been raised. And that such is the law, is shown by the precedents. Chitty, in the second volume of his work on Pleading, page 647, gives the form of a declaration by a passenger against the owners of a stage coach for overloading and improper by driving it, whereby the coach was overturned and the plaintiff's leg was broken. In each of the Courts, the great pain of the plaintiff is laid as a substantial injury. And so far as any decisions of the English Courts are to be found upon this subject, they recognize the right of a plaintiff to damages for such a cause. In *Theobald* v. *The Railway Passenger Assurance Co.*, E. L. & Eq. 432, where it appeared that the defendant had undertaken to pay a reasonable compensation for any personal injury received while traveling in a railway car, it was held by the Court of Exchequer that the expense, pain and loss of the plaintiff were proper subjects, and the only proper subjects, to be considered in assessing the damages. In *Morse* v. *The Auburn & Syracuse R. R. Co.*, 10 Barb. 621,

and in *Curtis* v. *The Rochester & Syracuse R. R. Co.*, 10 Barb. 283, it was decided that in actions against passenger carriers for negligence resulting in personal hurts, bodily pain and suffering are part and parcel of the injury, for which the injured party is as much entitled to compensation in damages as for the loss of time and the outlay of money.

These cases were reviewed by the Court of Appeals in *Ransom* v. *The New York & Erie R. R. Co.*, 1 Smith, 415, 15 New York, before noticed, and the doctrine asserted in them re-asserted. I do not find that it has been even doubted in any Court. Juries are required to estimate, in the best way they can, what is a just recompense for pain suffered. Though we have no decisions in this State, we have dicta of Judges sufficient to indicate the same opinion of the law.

In *Laing* v. *Colder*, 8 Barr. 479, which was an action against a passenger carrier for negligence, whereby the plaintiff's arm was broken whilst he was traveling in a railroad car, Judge Bell, in delivering the opinion of this Court, remarked that "injuries to the person consist in the pain suffered, bodily or mental, and in the expenses and loss of property they occasion. In estimating damages, the jury may consider not only the direct expenses incurred by the plaintiff, but the loss of his time, the bodily suffering endured, and any incurable hurt inflicted, for these may be classed among necessary results." A similar remark was made by the present Chief Justice, in *Pennsylvania R. R. Co.* v. *Kelly*, 7 Casey, 379. Some of these cases recognize the difficulty of applying a pecuniary balm to suffering, but deny that this furnishes any reason why it should not be done. It must therefore be considered as a rule of law, that in actions for personal injuries sustained by a passenger in consequence of the negligence of a passenger carrier, plaintiffs are entitled to recover pecuniary compensation for pain suffered, and that juries in assessing damages may consider that as an element." (*Pennsylvania R. R. Co.* v. *Allen*, 53 Penn. 276.)

With the final conclusion of this opinion, no fault is to be found. Such is undoubtedly the law; but all that is therein said about mental suffering as a distinct element of damages is uncalled for by the case; based upon the idea of punishment to defendant, rather

than compensation to the plaintiff, a rule unknown to the law in actions of the kind considered; and the authorities cited do not sustain the position taken.   This is evident on reading the quotation as to the citations in the English case and in those from New York. In *Laing* v. *Colder*, the dictum of Judge Bell is not included in the rule he lays down, which is correct; and the natural conclusion is that he did not mean to specify mental pain disconnected with physical suffering as a separate element of damage.

The remark made by Judge Woodward in 7 Casey was, that " it was proper for the jury to understand that the sufferings endured by the boy, and the disfiguration of his form, and whatever was merely personal to him, should not enter into the estimate of the father's damages, because for this the son would have a right of action."   There is no doubt about the proposition, but how it serves to sustain the idea that mental suffering may be distinctively allowed for, is difficult to see.

The rule as laid down in *Laing* v. *Colder*, 8 Barr., is substantially the one universally followed.   Probably the desire to afford full relief to plaintiff has occasioned the somewhat lax expressions which may be noticed in the cases quoted as to mental suffering. The desire is laudable, but the means suggested for its accomplishment are entirely too speculative.   It is difficult to estimate by any pecuniary standard bodily pain; how much more so to weigh the sufferings of the mind, as distinct therefrom.

In the case of *Theobald* v. *Railway Passengers Assurance Company*, referred to in *Pennslyvania R. R. Co.* v. *Allen*, just quoted, Ch. B. Pollock says: " A jury most certainly have a right to give compensation for bodily suffering unintentionally inflicted; but when I was at the bar I never made a claim in respect of it, for I look on it, not so much as a means of compensating the injured person, as of damaging the opposite party."

Though unacknowledged, it is not improbable that some idea of punishment to defendants prompted the first allowance of damages for bodily suffering in cases of mere negligence, as it seems impossible to say as a bald proposition that such suffering can be compensated by money; but however the rule originated, it exists, and in these times, when traveling is so much a constituent part of

living, it is perhaps practically well that it is so, for the pocket nerve is a very sensitive one, and prospect of heavy damages will undoubtedly do much to prevent carelessness on the part of passenger carriers. But evil must follow an attempt to introduce such a distinct element as that claimed in this case, which pertains so entirely to the sentimental, and opens the door to considerations absolutely imaginative and conjectural, dependent upon conditions and circumstances which seldom, if ever, could be brought within the proper province of a jury.

Such evil result has been produced, perhaps by this very cause in Pennsylvania, where the Legislature has enacted that no damages shall be recovered against railroad companies for personal injuries, except such as have been pecuniarily sustained, and then not to exceed three thousand dollars. Fancy damages and absurd and unjust legislation become not unnaturally correlative.

This is the first case arising in this State where it has become necessary to fix a rule of damages in actions for personal injury caused by negligence of a passenger carrier. It is well to start from the ancient landmark, and to remember that all damage to be recovered in such cases is strictly compensatory ; that while it may be possible to compensate bodily pain, and so much of mental suffering as may be indivisibly connected therewith, (and this rather on authority than reason) yet that it is absolutely impossible to measure mental agony by money, and that no established rule authoritatively commands such futile attempt; and consequently it must be held that so much of the instruction given herein as allowed the jury to consider the plaintiff's pain of mind aside and distinct from his bodily suffering, was error.

As to the other portion of the instruction complained of, which directed the jury to take into consideration the plaintiff's " character," it is so entirely inapt that the word must have been inadvertently used. " The character of the parties is immaterial, except in actions for slander, seduction, or the like, when it is necessarily involved in the nature of the action." (2 Green's Ev., Sec. 269.)

As it is impossible to determine what weight these erroneous elements had in producing the sum of the verdict, it follows that it must fall, and the District Court should have granted a new trial.

Its order denying the same and the judgment herein are reversed, and the cause remanded.

By LEWIS, C. J. :

Upon the last point discussed by my brother Whitman, I concur in reversing the judgment of the Court below.