JOHN GIBLIN, Respondent, *v.* WILLIAM McINTYRE, Appellant.

1. Measure of Damages—Mental Suffering.—Action for damages caused by shooting and wounding plaintiff. The court instructed the jury as follows: " If the jury find for the plaintiff they may, in computing the damages, take into consideration the expenses of his care, and a fair compensation for the physical and mental suffering caused by the injury," etc. *Held,* That the instruction was proper; that it does not authorize the jury to consider the mental suffering of plaintiff caused by the injury, as a distinct item for which damages should be assessed. *Held, further,* That in actions like the one at bar, the plaintiff may recover for bodily suffering and in connection therewith for such preceding and contemporaneous mental suffering as was directly caused by the injury.

Appeal from the First Judicial District Court.

This was an action by plaintiff against defendant to recover damages for injuries resulting from a pistol shot wound in the right arm of plaintiff, alleged to have been carelessly and negligently inflicted by defendant upon plaintiff without any fault or negligence on his, the plaintiff's, part.

On November 29, 1875, a difficulty occurred between one Baxter and defendant McIntyre, at Eureka, Juab County, at the store of Baxter. Plaintiff and others were present, and had no part in the quarrel then going on. Several pistol shots were fired by the respective combatants, one of which, fired by defendant, took effect in plaintiff's right arm, inflicting a severe wound, whereby he suffered for a long time, and expended his means in having his wounds properly attended to.

The other facts are stated in the opinion of the court.

*Sheeks & Rawlins,* for appellant.

This action is for a negligent, not for a willful or malicious injury; the two are distinct. Wheat. Neg. 22.

In an action for the one recovery cannot be had for the other. *Baird* v. *Dunning,* 81 Wis. 68.

John Giblin v. William McIntyre.

Only in actions for willful or malicious injuries, not for negligent injuries, can damages be recovered for mental suffering. *Wilson* v. *Young*, 31 Wis. 574; Field on Dam. §§ 88, 630; Sedgw. on Dam. marg. pp. 35, 36, 37; 2 Greenlf. Ev. § 267 and note 1; *Johnson* v. *Wells*, *Fargo & Co.*, 6 Nev. 224; *Curtis* v. *Rochester & S. R. R. Co.*, 18 N. Y. 534.

Mental suffering is classed properly, and is really, where it ought to be considered as an item of damages, the same as injury to the feeling, pay for insult, etc. The jury must have understood, from the charge in this case, that they could take into consideration the mental anguish or worrying after the injury. The objections to this are obvious:

*First*—It is impossible to estimate or find such damages.

*Second*—There was no evidence in the case from which any possible estimate could be made. *Curtis* v. *Rochester & S. R. R. Co.*, 18 N. Y. 534.

*Hoge & Jonasson*, for respondent.

In an action for negligent injury the plaintiff may recover the expense of his cure, the value of the time lost by him pending his cure and a fair compensation for the physical and mental suffering caused by the injury, as well as for any permanent reduction of his power to earn money. 2 Greenlf. on Ev. § 267; Sher. & Redf. on Neg. § 605: *Ramson* v. *N. Y. & Erie R. Co.*, 15 N. Y. 415; Same case, 18 N. Y. 534; *Peoria Bridge Ass.* v. *Loomis*, 20 Ill. 235; *Oliver* v. *North Pacific Tr. Co.*, 3 Ore. 84; *West* v. *Forrest*, 22 Mo. 344; *Masters* v. *Warren*, 27 Conn. 293; *Seger* v. *Barkhamsted*, 22 Conn. 290; *Canning* v. *Willimstown*, 1 Cush. 451; *Hanson* v. *Fawle*, 1 Sawyer Circt. 539.

SCHAEFFER, C. J., delivered the opinion of the court:

This is an action brought by the respondent against the appellant to recover damages for an injury done by the defendant below to the person of respondent, by the careless and negligent discharge of a pistol loaded with gunpowder and

leaden balls. The manner of the shooting, and the circumstances under which it occurred, as detailed by the testimony, manifest such a reckless disregard for the life and personal safety of those within the reach of his weapon as to justify the legal inference that the act complained of was an unlawful and willful attempt to take the life of the respondent. A trial was had in the court below, and a verdict and judgment was obtained by the respondent against the appellant for two thousand five hundred dollars and costs of suit. The defendant brought the case to this court by appeal, and assigns for error:

*First*—The court erred in overruling defendant's objection to the admission in evidence of the bullets said to have been picked up in Baxter's saloon.

There was no error in receiving the bullets in evidence. They were proper evidence to go to the jury, and we think they would and probably did aid the jury in determining the controverted question as to whose pistol was the instrument by which the serious injury was inflicted.

*Second*—The main error, and in fact the only one relied on by the appellant's attorney in the argument of this case, is based upon the following instruction given by the court to the jury, to-wit: " If the jury find for the plaintiff, they may, in computing the damages, take into consideration the expenses of his cure, and a fair compensation for the physical and mental suffering caused by the injury, and also compensation for any permanent reduction of the plaintiff's power to earn money in the future."

The special point in this instruction upon which the appellant charges error, is, as he alleges, that it instructs the jury to consider the mental suffering caused to the plaintiff by the injury as a distinct and independent item in the computation of the measure of damages to be awarded to the plaintiff in case the jury find for him. This, we think, is a misapprehension of the meaning and force of this instruction. It is an attempt to separate the terms physical and mental where they

John Giblin v. William McIntyre.

were naturally and necessarily united. The instruction, as given, does not instruct the jury to consider mental suffering caused by the injury as a distinct item for which damages should be assessed, but it authorized the jury to take into consideration the suffering, both physical and mental, which were the immediate and necessary result of the injury in determining the amount of compensation which the plaintiff should recover in case the jury found for the plaintiff. The law is well settled that in an action like this, the plaintiff may recover for bodily suffering, and in connection therewith for such preceding and contemporaneous mental suffering as was directly caused by the injury. Sher. & Redf. on Neg. 662–663, § 606; *Seger* v. *Burkhamsted*, 22 Conn. 298; *Masters* v. *Warren*, 27 Conn. 293; *Canning* v. *Williamstown*, 1 Cush. 452; *Mason* v. *The Inhab. of Ellsworth*, 32 Me. 271; *Ill. Cent. R. R. Co.* v. *Barron*, 5 Wall. 90; Sedgw. Measure of Dam. 648, note 2.

The third and only remaining assignment of error, that the verdict is against the law as given by the court on the question of contributive negligence, we think is untenable. There is no evidence tending to show that the plaintiff contributed, either by act or omission, to the injury, and there is evidence which shows that he was not in fault, and did not contribute to the injury.

We have not, from a careful inspection of the whole record, discovered any such error as should reverse the judgment herein. It is, therefore, affirmed, with costs.

EMERSON and BOREMAN, J. J., concurred.